**F. Peter SCHULTZ and Richard L. Doering, Plaintiffs,**

**v.**

**Walter PALMBERG, President of Central Wyoming College, and Robert Peck, Paul Hines, Esther Mockler, John Benesch, Robert Novotny, Members of the Board of Trustees of Central Wyoming College, et al., Defendants.**

**Civ. No. 5485.**

United States District Court,
D. Wyoming.

Oct. 2, 1970.

Graves & Smyth, Cheyenne, Wyo., for plaintiffs.

Spiker & White, Riverton, Wyo., for defendants.

*Judge's Memorandum*

KERR, District Judge.

Plaintiffs, F. Peter Schultz and Richard L. Doering, were employed as professors at Central Wyoming College in Riverton, Wyoming, during the academic years 1968–1969 and 1969–1970. Prior to commencement of both of these academic years, each of the plaintiffs was given a teaching contract for a duration of nine and one-half teaching months. Each of the plaintiffs received notice of the decision not to renew his teaching contract in separate letters from defendant Dr. Walter H. Palmberg, President of Central Wyoming College. As evidenced by the letters of Dr. Palmberg dated February 27, 1970, the decision not to renew plaintiffs' teaching contracts for the 1970–1971 academic year was made by the Board of Trustees of Central Wyoming College, hereinafter referred to as "the Board". Both plaintiffs requested formal hearings and these requests were denied by the Board. The Board did, however, invite the plaintiffs to appear at a regularly scheduled meeting at which time the matter could be discussed informally. One of the plaintiffs, Schultz, accepted the Board's invitation and appeared at a meeting with his attorney on May 19, 1970. The plaintiffs deemed the results of this meeting unsatisfactory and proceeded thereafter to file the present suit.

This action is brought by the plaintiffs pursuant to the Civil Rights Act. 42 U.S.C. § 1983. In their complaint plaintiffs seek, inter alia, to compel the defendants to renew their annual teaching contracts and, in addition, pray for damages against all defendants except Minick and Bush. Defendant Fremont County Community College District, State of Wyoming, is a body corporate, created pursuant to Sections 21–471 to 21–493, Wyoming Statutes, 1957, and at all times referred to herein was empowered to operate and administer Central Wyoming College.

The defendants have filed a motion to dismiss the action on the ground that

the complaint fails to state a claim upon which relief can be granted. Likewise, the plaintiffs have filed a motion for partial summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, wherein they pray for an order directing defendants to hold an evidentiary hearing and to delay action on the remainder of plaintiffs' complaint until such hearing is held.

The plaintiffs allege that the Board's failure to renew their teaching contracts was arbitrary, unreasonable and accomplished without a hearing, all of which resulted in a denial of plaintiffs' right to continued employment. Further, plaintiffs allege that the actions of the defendants penalized them for the exercise of protected rights under the Constitution of the United States and had a chilling effect on the exercise of their rights under the First and Ninth Amendments to the Constitution. The plaintiffs also allege that the action of the Board in denial of hearings was taken under color of state law, towit: Sections 21-471 to 21-493, Wyoming Statutes, 1957, supra.

On the other hand, the Board argues that plaintiffs do not have a right of continued employment; that the Board was lawfully exercising a vested discretionary power in not offering contracts to plaintiffs; and that plaintiffs, not being vested with tenure, did not have a right to a hearing.

■ The elements required to establish a claim for relief under 42 U.S.C. § 1983 are: (1) that the conduct complained of was engaged in under color of state law, and (2) that such conduct subjected the plaintiffs to a deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States. Jones v. Hopper, 410 F.2d 1323 (10 Cir., 1969), cert. denied 397 U.S. 991, 90 S.Ct. 1111, 25 L.Ed.2d 399 (1970).

Plaintiffs further allege that the guaranteed right, privilege or immunity protected under the Federal Constitution and laws which they have been deprived of is the "right to continued employment". Counsel for plaintiffs, however, at the oral argument on the motions filed herein, argue that the rights or privileges which have been denied are their First Amendment rights of free expression and freedom of association. In substance, the plaintiffs argue that the Board, in failing to rehire plaintiffs has, in effect, denied to them the exercise of their First Amendment rights.

■ Plaintiffs' claimed interest must find its source in the Constitution, laws of the United States, Wyoming Statutes, their 1969-1970 teaching contracts, or college policy, practices or customs. The Constitution and laws of the United States do not generally create any right to continued employment. Government employment, in the absence of legislation, can be revoked at the will of the appointing officer. Vitarelli v. Seaton, 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1959). Also, as a general rule, no person, school teacher or otherwise, has a constitutional right to public employment. Parker v. Board of Education of Prince George's County, Md., 237 F.Supp. 222 (D.Md.1965), aff'd 348 F.2d 464 (4 Cir., 1965), cert. denied 382 U.S. 1030, 86 S.Ct. 653, 15 L.Ed.2d 543 (1966).

The statutes of the State of Wyoming do not provide tenure or continued employment to a faculty member with a community college. See generally § 21-471 to § 21-493, Wyoming Statutes, 1957, supra. The Wyoming Education Code provides tenure and a right to a hearing before termination to teachers who have been employed by the same school district in the State of Wyoming for a period of three consecutive school years. See §§ 21.1-151 to 21.1-164, Wyoming Statutes, 1957. The Wyoming Education Code, however, is not applicable to community colleges. § 21.1-6, Wyoming Statutes, 1957. Even if the Wyoming Education Code was applicable plaintiffs still fall short of tenure, a right to continued employment, or an expectancy of continued employment, together with the right to a hearing.

The contracts executed by the plaintiffs with the Fremont County Community College District contain no condition expressed or implied to the effect that the contract would be automatically renewed or that continued employment would be guaranteed to the plaintiffs. The employment arrangement was on a year-to-year contractual basis. The contracts were self-terminating and plaintiffs had no expectation beyond the agreed term. Henry v. Coahoma County Board of Education, 246 F.Supp. 517 (N.D.Miss.1963), aff'd 353 F.2d 648 (5 Cir., 1965), cert. denied 384 U.S. 962, 86 S.Ct. 1586, 16 L.Ed.2d 674 (1966).

Central Wyoming College had just completed its second full year of operation and did not have a policy or procedure approved by the Board regarding the employment or re-employment of faculty members. In the absence of a practice or custom at Central Wyoming College, there is, therefore, no basis for an expectancy on the part of a teacher for a right to continued employment with the college.

It is clear that the plaintiffs did not have tenure privileges either by Wyoming law or by contract. They were employed solely on a year-to-year basis at Central Wyoming College. This college is an institution of higher learning organized and existing under the laws of the State of Wyoming. Those laws give the Board the power to prescribe and enforce rules and regulations for the government of the community college under its jurisdiction. § 21–476, Wyoming Statutes, 1957.

Teachers are normally selected by school boards. School boards have always had the power to enter into contracts with teachers and fix their compensation and duration of employment. The discretion of a school board in this respect should be broad and as long as such discretion is exercised in good faith and is not patently arbitrary or unreasonable, this Court will not interfere to aid those whom the Board does not choose to employ. See generally Freeman v. Gould Special Sch. Dist. of Lincoln County, Ark., 405 F.2d 1153 (8 Cir., 1969), cert. denied 396 U.S. 843, 90 S. Ct. 61, 24 L.Ed.2d 93 (1969). The Court stated in Jones v. Hopper, supra, 410 F.2d at page 1329:

"Because of the special needs of the university, both public and private, great discretion must be given it in decisions about the renewal of contracts during the probationary period. In deciding whether to rehire or grant tenure, the considerations involved go well beyond a judgment about general teaching competence. Developments in the Law-Academic Freedom, 81 Harv.L.Rev. 1045, 1101 (1968)".

The Court of Appeals in the Jones case, supra, adopted the language quoted above and this Court is bound to adhere to the principles laid down by the said case. Similarly, the Court in the Jones case at page 1328 quoted 51 A.L.R.2d 745 (1960), as follows:

"Among the most fundamental rules of the law of master and servant is that which recognizes that, absent an applicable statutory or contractual provision to the contrary, an employer enjoys an absolute power of dismissing his employee, with or without cause."

Again, this Court would adopt this principle as approved by the Tenth Circuit Court of Appeals in the Jones case. In addition, this Court feels that further quotation from the Jones case is essential at this time:

"It would be intolerable for the courts to interject themselves and to require an educational institution to hire or to maintain on its staff a professor or instructor whom it deemed undesirable and did not wish to employ. For the courts to impose such a requirement would be an interference with the operation of institutions of higher learning contrary to established principles of law and to the best traditions of education. Greene v. Howard University, 271 F.Supp. 609, 615 (D.D.C. 1967)." Jones v. Hopper, supra, p. 1329.

■ School boards are created and established to regulate and administer institutions of higher learning. In order to function properly and fulfill the purpose for which they are established, school boards must be given a reasonable range of discretion. Constant inhibition by the courts only serves to extinguish the true purpose of such boards and makes effective administration exceedingly difficult, if not impossible.

■ Finally, the plaintiffs argue that they were denied their right to a hearing by the Board. The principles of the privilege of tenure control this assertion by the plaintiffs. There can be no doubt that where tenure is provided to a teacher, a corresponding right to a hearing upon dismissal is also provided. As stated previously, the plaintiffs in this action did not have tenure at Central Wyoming College. Each of the plaintiffs herein was hired on a year-to-year basis and had, in fact, been employed by the college for two years. At the end of the second term their contracts were not renewed. The plaintiffs were not "fired" as that word is ordinarily understood. While it is true that their services were terminated, they were terminated only in the sense that they were not offered teaching contracts for a third year. The plaintiffs were not fired or dismissed during the terms of their second year contracts. The Board simply decided not to offer third year contracts to these plaintiffs. Absent contractual or statutory requirements, persons discharged for inefficiency, insubordination, or incompetency have no constitutional right to a hearing with rights of confrontation of witnesses and cross-examination. Freeman v. Gould Special Sch. Dist. of Lincoln County, Ark., supra. In the absence of unreasonable discrimination or statutory provision, a public employee may be summarily dismissed from service without a hearing, and such action is not a denial of due process of law. Parker v. Board of Education of Prince George's County, Md., supra. Although the Court in Jones v. Hopper, supra, was not confronted with the issue of a hearing, that Court did cite the Freeman case with apparent approval. The Court in the Freeman case reasoned as follows:

" ' * * * the matter addresses itself to the question as to whether or not the action taken in this case was arbitrary, unreasonable, capricious, wrongful, discriminatory or oppressive.' On the basis of this holding, plaintiffs then project that the Board must accord due process, both substantive and procedural, in all of its operative procedures. If this were so, we would have little need of tenure or merit laws * * *." Freeman v. Gould Special Sch. Dist. of Lincoln County, Ark., supra, 405 F.2d at page 1160.

The conclusion by the Court in Freeman is inescapable if one desires to preserve the tenure system. School Boards should have a wide range of discretion in the management and operation of a school district, including the employment procedures of hiring and rehiring. A teacher who has not had the privileges of tenure incorporated in his teaching contract simply cannot claim the benefit of tenure if such a system is to survive with any merit at all. The implementation of tenure is within the exclusive realm of the legislative process and it is not within the province of this Court to establish tenure at community colleges in the state of Wyoming.

■ The plaintiffs do not have a right of tenure or continued employment at Central Wyoming College, hence the denial of their request for a formal hearing was not a deprivation of a right, privilege or immunity secured by the Federal Constitution and laws. Also, from the face of the complaint, it is abundantly clear that the Board in declining to offer plaintiffs teaching contracts for a third year, did not prevent these plaintiffs from exercising their rights of free expression and association as secured by the First Amendment. Just as other First Amendment guarantees, the right of free speech and

expression is not absolute. "No unconstitutionality results where the right of free speech is reasonably curtailed as a prerequisite to continued government employment". Parker v. Board of Education of Prince George's County, Md., supra, 237 F.Supp. at page 229.

It is my opinion that the Board has acted within the scope of its discretion in failing to offer plaintiffs teaching contracts. The pleadings disclose that the action of the Board was not clearly arbitrary, capricious, or unreasonable. The plaintiffs have made no allegations in their complaint which would demonstrate an abuse of discretion on behalf of the Board. Therefore, the plaintiffs have failed to state a claim upon which relief can be granted.

Accordingly, an order will be entered denying the plaintiffs' motion for partial summary judgment, and granting defendants' motion to dismiss.