**Jerry R. WILSON et al., Plaintiffs,**

v.

**PLEASANT HILL SCHOOL DISTRICT R–III et al., Defendants.**

No. 18501–4.

United States District Court,
W. D. Missouri, W. D.

March 1, 1971.

**1198**

Irving Achtenberg, Kansas City, Mo., for plaintiffs.

Martin Anderson, Kansas City, Mo., for defendants.

MEMORANDUM AND ORDER GRANTING JUDGMENT IN FAVOR OF DEFENDANTS AND AGAINST PLAINTIFFS

ELMO B. HUNTER, District Judge.

This is an action brought pursuant to the provisions of 42 U.S.C. §§ 1981 and 1983 (The Civil Rights Acts) seeking declaratory judgment, injunctive relief, and damages for an alleged violation of plaintiff Jerry R. Wilson's constitutionally-protected rights to free speech and association, and due process of law. Jurisdiction is founded upon the provisions of 28 U.S.C. § 1343(3) and (4).

The individual plaintiff, Jerry R. Wilson, is a school teacher formerly employed by defendant Pleasant Hill School District R-III. Plaintiff National Education Association is a national teacher's organization of which plaintiff Wilson is a member. Defendant Pleasant Hill School District R-III is a public school district organized and existing under the laws of the State of Missouri; defendant Hall is the superintendent of Pleasant Hill School District; and defendants Ingels, Alexander, Hayes, Palmer, Manda, and Carlile were the elected and acting members of the Board of Education of Pleasant Hill School District at the time of the events mentioned in plaintiffs' complaint.[1]

Plaintiff Wilson had been employed by the Pleasant Hill School District for six years. His last employment by the District was as an industrial arts teacher under a one year written contract for the 1969–1970 school year. In the Spring of 1970, on or about April 14, 1970, plaintiff received a letter from the Board of Education which advised plaintiff that he had not been reemployed by the District for the 1970–1971 school year.[2] The reasons given in the notification for plaintiff's nonreemployment were (1) "Effectiveness as a teacher is declining rather than improving," and (2) "Employment was not recommended by the school administration."

Prior to his nonreemployment as a teacher in the Pleasant Hill School District, plaintiff Wilson had been active in various teacher organizations affiliated with the plaintiff National Education Association, including the Missouri State Teacher's Association, the Pleasant Hill Community Teacher's Association, the Suburban Kansas City Education Association, and the Missouri Asso-

---

1. Prior to the trial of this action, in their motion to dismiss, defendants raised the following contentions, *inter alia:* that the National Education Association lacked standing to bring this action; that Pleasant Hill School District R-III is not a "person" within the meaning of 42 U.S.C. § 1983; and that the members of the Board of Education are not amenable to suit either in their individual or official capacities. As to these contentions, see: Board of Trustees of Arkansas A & M College v. Davis, 396 F.2d 730, 734 (8th Cir. 1968); Smith v. Board of Education of Morrilton School District No. 32, 365 F.2d 770, 776–778 (8th Cir. 1966); and Harkless v. Sweeny Independent School District, 427 F.2d 319 (5th Cir. 1970), reversing 300 F.Supp. 794 (S.D.Tex. 1969). However, in light of the ultimate findings of this Court, a determination of defendants' motion is not necessary.

2. The notification received by Plaintiff Wilson reads as follows:

"According to provisions of Section 10342-A and Section 168:111 Missouri Statutes, notice is hereby given to Jerry Wilson, teacher of School District R-III of Pleasant Hill, Cass County, Missouri, that he has not been re-employed for the 1970–1971 school year. Done by order of the Board of Education April 9th, 1970.

/s/ Boone Ingels, Jr.
President of Board of Education

/s/ Edward Alexander
Secretary of Board of Education

COMMENTS:

1. Effectiveness as a teacher is declining rather than improving

2. Employment was not recommended by the school administration."

ciation of Classroom Teachers. In the school year of 1968–69, plaintiff was the president of the Suburban Kansas City Education Association, and, in the preceding year, plaintiff had been the president of the Pleasant Hill Community Teacher's Association. In his last year as a teacher in the Pleasant Hill School District, plaintiff was the welfare chairman of the Pleasant Hill Community Teacher's Association.

It is plaintiff's contention that plaintiff Wilson's contract was not renewed by the Board for the 1970–71 school year because of his activities in the above-mentioned teacher associations, rather than for the reasons given in the Board's notification or for any other permissible reason. As a result of this alleged action on the part of the Board, plaintiffs contend that the defendants violated plaintiff Wilson's constitutionally-protected rights to freedom of speech and association. Plaintiffs also allege that the failure of the Board to provide plaintiff with specific reasons for his nonreemployment and with a hearing violated his fourteenth amendment right to due process of law. Conversely, defendants urge that Wilson was not given a teaching contract for the 1970–71 school year solely for reasons other than his activities in teacher's associations. Defendants also contend that they were not required to provide Wilson either with a hearing in the matter, or with any further reasons for his nonreemployment other than those set forth in the written notification.

█ In Missouri, at the time of the Board's notification to Wilson that his contract would not be renewed,[3] the Board's right not to rehire a teacher in the school district was absolute, except that the decision not to rehire could not be based upon grounds violative of that

teacher's constitutionally-protected or other legal rights. See: Freeman v. Gould Special School District of Lincoln County, Arkansas, 405 F.2d 1153, 1158 (8th Cir. 1969), cert. den. 396 U.S. 843, 90 S.Ct. 61, 24 L.Ed.2d 93 (1969); Williams v. School District of Springfield R–12, 447 S.W.2d 256, 265 (Mo.1969).

During the trial of this cause conflicting evidence was adduced by both sides regarding many of the important aspects of the case, including the testimony which concerns the reasons for defendants Hubey Hall, superintendent of schools; Jack Forbes, assistant superintendent and former high school principal; and James Neal, principal of the high school, separately, and apparently independently, recommending to the Board of Education that plaintiff not be reemployed and that he be given the required notice of nonreemployment. However, the defendants credibly demonstrated numerous permissible reasons for the Board's action in not renewing the plaintiff's contract for the 1970–71 school year. For example, Superintendent Hall testified that, at approximately the beginning of the school year, plaintiff Wilson refused to collect tickets for a coming football game as requested by Hall, and that following the request Wilson abruptly walked out of Hall's office. Other evidence indicates that Wilson actually did collect tickets at the football game following the later request of another school official. The incident, among others, reveals the personality differences existing between plaintiff and his school superintendent. In addition, it was the belief of both Superintendent Hall and Assistant Superintendent Forbes, although based to some extent on conjecture, but also supported by evidence, that plaintiff was permitting nonstudents to use the workroom and school equipment under his

---

3. On July 1, 1970, the Missouri "Teacher Tenure Act" came into effect. That Act, in effect, gives a teacher who has taught in the same Missouri school district for five successive years or more an "indefinite" contract which cannot be terminated except for certain statutorily defined rea-

sons. See: Mo.Rev.Stat. §§ 168.102 et seq. V.A.M.S. Prior to the enactment of these statutory sections, the Missouri law regarding the Board's authority was quite similar to that of Arkansas, the law involved in the *Freeman* case, infra.

charge on Saturdays, Sundays, and on week nights and that he was failing to account sufficiently to the administrative officials for the cost of the school materials used by those persons and to obtain permission from school officials for this type of use. Assistant Superintendent Forbes was of the opinion that plaintiff unreasonably interrupted faculty meetings, usually for trivial matters or matters which were not scheduled for discussion as a part of the agenda then under consideration. Furthermore, it is undisputed that plaintiff, although certified as a teacher in Industrial Arts, Junior High English, and Driver's Education, and while teaching his Industrial Arts class, without permission invited in speakers and sponsored five one-hour sessions on evolution. It is also undisputed that these sessions on evolution were not within the scope of the industrial arts class materials.

The above-mentioned incidents are but some of the examples given by the defendants as a basis for their nonreemployment of the plaintiff. Furthermore, it was the explicit and positive evidence of the defendants that the discharge of plaintiff Wilson was not, in any way, related to his Pleasant Hill Teacher's Association activities or to any other teachers' association activities. Rather, Superintendent Hall testified in detail as to his support for teachers' associations for many years and his belief that strong membership in these teachers' associations, including the Pleasant Hill Community Teacher's Association was beneficial and important. This testimony was substantially corroborated by the testimony of other witnesses. In lesser detail, similar credible testimony and evidence was adduced on behalf of defendants Forbes and Neal.

■ In view of the testimony and evidence in this case taken as a whole plaintiffs have failed to carry their burden of proof in that they have failed to persuade the Court that the true reason for

Wilson's nonreemployment was based upon his activities in teachers' associations or any other exercise of his constitutionally-protected rights. Thus, plaintiffs' contention that Wilson's nonreemployment was violative of his right to free speech and association is without merit.[4]

■ There remains for disposition plaintiffs' contention that Wilson was denied procedural due process in that he was not afforded a hearing by the Board or specific reasons for his nonreemployment. In Freeman v. Gould Special School District of Lincoln County, Arkansas, *supra*, 405 F.2d at pages 1160–1161, the Eighth Court of Appeals recently stated:

"[P]laintiffs * * * project that the Board must accord due process, both substantive and procedural, in all of its operative procedures. If this were so, we would have little need of tenure or merit laws as there could only be, as argued by the plaintiffs, a discharge for cause, with the school board carrying the burden of showing that the discharge was for a permissible reason. We do not believe this to be the law, as there are many public employees who are separated from their employment by a purely arbitrary decision, upon a change of administration or even a change of factual control where the appointments are not protected by civil service or some type of tenure, statutory or contractual.

* * * * * *

"Absent statutory or contractual requirements, persons discharged for inefficiency, incompetency, or insubordination have no constitutional right to a hearing with rights of cross-examination and confrontation of witnesses." See also: Schultz v. Palmberg, 317 F.Supp. 659 (D.Wyo.1970); Bonner v. Texas City Independent School District of Texas, 305 F.Supp. 600 (S.D.Tex.1969); Morey v. Inde-

---

4. Similarly, the plaintiffs' contention that the Board denied Wilson substantive due process of law by acting arbitrarily and capriciously is not supported by the evidence adduced at trial.

pendent School District #492, 312 F. Supp. 1257, 1262 (D.Minn.1969).

At the time Wilson was notified by the Board of his nonreemployment, Missouri's new "Teacher Tenure Act" was not in effect. And, it is undisputed by the parties that the Board did provide Wilson with written notification of his nonreemployment in accordance with the provisions of Mo.Rev.Stat. § 168.111, V. A.M.S. Thus, the Board properly complied with the only existing statutory requirement relating to the nonreemployment of a Missouri teacher. Williams v. School District of Springfield R–12, *supra*. Plaintiff Wilson therefore was not denied any right to procedural due process.

Accordingly, for the reasons stated, above, judgment is hereby granted in favor of the defendants and against the plaintiffs.

It is so ordered.