333 F.Supp. 816 (1971)
Betty H. REED, Plaintiff,
v.
BOARD OF EDUCATION OF the PARKWAY SCHOOL DISTRICT, 455 North Woods Mill Road, Chesterfield, Missouri, et al., Defendants.
No. 70 C 585(4).
United States District Court, E. D. Missouri, E. D.
September 30, 1971.
Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, St. Louis, for plaintiff.
Albert Hamel, Clayton, Mo., and Orville Richardson and Geo. E. Lee, Associate Counsel, St. Louis, Mo., for defendants.

*817 MEMORANDUM
WANGELIN, District Judge.
This matter is before the Court on defendants' joint and separate motion to dismiss and an alternative motion to strike the plaintiff's prayer for money damages.
This is an action brought pursuant to 42 U.S.C. §§ 1981 and 1983 (The Civil Rights Act) seeking equitable relief or, in the alternative, money damages for an alleged violation of plaintiff's constitutionally protected rights to free speech and due process of the law. Jurisdiction is founded upon the provisions of 28 U. S.C. § 1343(3) and (4).
In her Complaint, the plaintiff makes the following allegations: Plaintiff was a teacher in the Parkway School District of St. Louis County, Missouri, for the school years 1966-67, 1967-68, 1968-69, and 1969-70, the last year at the Manchester Elementary School. Defendant Charles Hoppe is and was the principal of the Manchester Elementary School in the 1969-70 school year. Defendant C. W. Farnham is and was the superintendent of schools of the Board of Education of the Parkway School District. Defendant Board of Education of the Parkway School District is alleged to be a "public body organized and operated under the laws of the State of Missouri." The remaining individual defendants other than Hoppe and Farnham are sued individually and as members of the Board of Education of the Parkway School District. Hoppe and Farnham are sued individually and as members of the Board of Education of the Parkway School District.
In Count One, plaintiff alleges that in 1969-70 she worked under the direct supervisory control of defendants Hoppe and Farnham. On March 30, 1970, under color of state law and pursuant to the terms of Section 168.126 RSMo 1959, V.A.M.S. plaintiff was given a written notice that she was not rehired for the 1970-71 school year. Plaintiff alleges that she was thereby denied the opportunity to become a permanent teacher under the new Teacher Tenure Act of Missouri which became effective July 1, 1970.
Plaintiff alleges that the reason given her for not rehiring her was "insubordination". Plaintiff alleges that she was not rehired because she exercised her constitutional right of free speech. Specifically, plaintiff alleges that she exercised her right of free speech in the following manner:
"That during the course of the school year 1969-70, and prior to her discharge, plaintiff, a member of the Classroom Teachers' Association, was critical of the activities which took place at the Missouri State Teachers Association convention; that upon plaintiff's own initiative and in the exercise of her constitutionally protected right of free speech, she placed a report of the convention of the Missouri State Teachers Association in the personal mail boxes of other teachers at the Manchester Elementary School. Furthermore, plaintiff, in the exercise of her constitutionally protected right of free speech, placed a congratulatory sign on the school bulletin board announcing that a teacher, who had been demoted the year before by defendant Charles H. Hoppe, had been transferred to a better position. That shortly thereafter plaintiff was charged by defendant Charles H. Hoppe with insubordination."
In Count Two, plaintiff further alleges that she requested a formal hearing which would afford her the minimum protection of her guaranteed right of due process, but said request was denied. Plaintiff states that the School Board "purported" to give her a hearing, but denied her due process in that she was not afforded the following: an opportunity to be heard at a meaningful time and in a meaningful manner; timely and adequate notice detailing the reasons for a proposed termination; an opportunity to confront and cross-examine witnesses; an opportunity to present arguments and evidence orally as well as *818 in writing; a determination resting solely on the legal rules and evidence adduced at the hearing; a statement by the decision-maker of the reasons for the determination and of the evidence relied on; and, finally, the right of an impartial decision-maker.
In Count Two plaintiff alleges that she was unlawfully denied her right to procedural due process of law with respect to a pre-termination hearing as set out above.
We note, and plaintiff alleges, that Section 168.126 RSMo 1969, the new Teacher Tenure Law, became effective July 1, 1970. Although plaintiff cites Section 168.126 several times in support of her contentions, the fact is that as a result of plaintiff's not being rehired, her position as a teacher ended with the expiration of her one-year contract on June 6, 1970, before the effective date of Section 168.126.
At the time the events in this controversy occurred, a teacher's re-employment was governed by Section 168.111, V.A.M.S. Subsections 3 and 5 thereof provide as follows:
"3. Each school board having one or more teachers under contract shall notify each teacher in writing concerning his reemployment or lack thereof on or before the fifteenth day of April of the year in which the contract then in force expires. Failure on the part of a board to give the notice constitutes reemployment on the same terms as those provided in the contract of the current fiscal year; and not later than the first day of May of the same year the board shall present to each teacher not so notified a regular contract the same as if the teacher had been regularly reemployed. * * *
"5. Any teacher who is informed of reelection by written notice or tender of a contract shall within fifteen days thereafter present to the employing board a written acceptance or rejection of the employment tendered and failure of a teacher to present the acceptance within such time constitutes a rejection of the board's offer."
In Wilson v. Pleasant Hill School District, 334 F.Supp. 1197 (decided March 1, 1971, W.D.Mo.) Judge Hunter held that a school teacher's right to pre-termination procedural due process is determined solely by state law. In the absence of a statute guaranteeing a teacher pre-termination procedural due process, failure of the state authority to afford such was not actionable under the civil rights statutes.
Under the terms of the applicable Missouri Statute, Section 168.111(3), the only notice that plaintiff was entitled to was a written notice of non-reemployment. The Board was not required to provide a hearing or notice thereof. Williams v. School District of Springfield, 447 S.W.2d 256 (Mo.1969); Wilson v. Pleasant Hill School District, supra; Brooks v. School District, 267 F.2d 733 (8th Cir. 1959). And, see, construing a similar Arkansas statute, Freeman v. Gould Special School District, 405 F. 2d 1153 (8th Cir. 1969), cert. denied 396 U.S. 843, 90 S.Ct. 61, 24 L.Ed.2d 93. See generally, Harnett v. Ulett, 70 C 556(3) (decided July 15, 1971, E.D.Mo.).
In Freeman, Judge Gibson discussed the necessity of a pre-termination hearing on complaints or on the hiring or rehiring of teachers under Arkansas laws similar to the Missouri law applicable to the instant case:
"We agree that the teachers are protected under the Equal Protection Clause from discrimination on account of race or religion or in their assertion of constitutionally protected rights, but no case cited by plaintiffs has gone so far as to say that all actions of any governmental board or agency in employment cases must accord the individual due process under the Fourteenth Amendment so as to provide tenure and a right to retain the position, except for cause. And `for cause' presupposes a right to hearing, notice, and appeal. Many government employees are under civil service and some under tenure. Absent *819 these security provisions a public employee has no right to continued public employment, except insofar as he may not be dismissed or failed to be rehired for impermissible constitutional reasons, such as race, religion, or the assertion of rights guaranteed by law or the Constitution. * * * "[P]laintiffs * * * project that the Board must accord due process, both substantive and procedural, in all of its operative procedures. If this were so, we would have little need of tenure or merit laws as there could only be, as argued by the plaintiffs, a discharge for cause, with the school board carrying the burden of showing that the discharge was for a permissible reason. We do not believe this to be the law, as there are many public employees who are separated from their employment by a purely arbitrary decision, upon a change of administration or even a change of factual control where the appointments are not protected by civil service or some type of tenure, statutory or contractual. * * *
"Absent statutory or contractual requirements, persons discharged for inefficiency, incompetency, or insubordination have no constitutional right to a hearing with rights of cross-examination and confrontation of witnesses." See also: Schultz v. Palmberg, 317 F.Supp. 659 (D.Wyo.1970); Bonner v. Texas City Independent School District of Texas, 305 F.Supp. 600 (S.D.Tex.1969); Morey v. Independent School District #492, 312 F. Supp. 1257, 1262 (D.Minn.1969); Freeman v. Gould Special School District, supra, 405 F.2d at pages 1159, 1160-61."
Plaintiff has alleged in her complaint, and it is undisputed by the parties that the Board did provide plaintiff with written notification of her non-reemployment in accordance with Section 168.111. The Board properly complied with the only existing statutory requirement relating to the non-reemployment of a Missouri teacher. Plaintiff was not denied any right to procedural due process.
For the above reasons, the Court has determined that there is no genuine issue as to any material fact relating to the claim for relief set forth in Count Two of the Complaint, and that as a matter of law, plaintiff cannot recover under said claim. Therefore, the claims for relief under said Count Two will be denied.
While plaintiff in this case may not be entitled to a pre-termination hearing, plaintiff may not be terminated or not rehired for impermissible constitutional reasons. Freeman v. Gould Special School District, supra; Wilson v. Pleasant Hill School District, supra; Long v. Board of Education, 331 F.Supp. 193 (E.D.Mo.1971).
The basic claim in the instant case is that defendants refused to re-employ plaintiff for exercising her constitutional right of free speech (First Amendment). However, like any constitutionally protected freedom, the right to free speech is subject to reasonable regulation, such as regulation to further some important governmental interest [United States v. O'Brien, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968)]; regulation to prevent disruption of an activity which a state institution is charged by law with carrying out, or to prevent an impediment in the rendering of public services. Pickering v. Board of Education, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968); Tinker v. Des Moines Independent Community School District, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969); See also Harnett v. Ulett, supra.
The undisputed facts of this case as revealed by the Complaint are that plaintiff was not rehired because she placed letters criticizing the Missouri State Teachers Association convention in the personal mailboxes of other teachers at her school, and placed a congratulatory sign on the school bulletin board announcing that a teacher previously demoted by a defendant herein had been *820 transferred to a better position. The theory of plaintiff's lawsuit is that her conduct constituted free speech, and could not, therefore, be the basis of her non-reemployment.
Plaintiff's theory, however, fails to recognize that the right of free speech does have limitations and is not absolute. There is no constitutional provision which gives individuals the unqualified right to speak or distribute their writings in any manner and at any time or place chosen by them without regard to the consequences to others. See, e. g. Chicago Park District v. Lyons, 39 Ill.2d 584, 237 N.E.2d 519 (1968), cert. denied, 393 U.S. 939, 89 S.Ct. 294, 21 L. Ed.2d 276.
In the context of the present case, the defendants' rights, indeed, their duties, are of great import. A school board is charged with formulating policies for the conduct of an educational institution. The superintendent and principal are responsible for the implementation of these policies. To allow teachers to exercise every kind of public utterance and public writing under the shield of constitutional rights would destroy the right of the school board to have any rules and regulations. To allow trial on the mere allegation that plaintiff was not rehired because she exercised the right of free speech overlooks the right of defendants to not rehire, as was done, for insubordination.
Plaintiff's exercise of her right of "free speech" is logically and properly regarded as insubordination. Plaintiff has the right to talk; she has the right to write; she has the right to distribute hand bills; but she must bear the responsibility of her actsand the natural consequences thereof. No one seeks to restrain her from the exercise of her constitutional rights. It is assumed that she had the mental capacity to understand the natural consequences of her statements.
The right to discharge teachers must not be encumbered by the contention that insubordination is per se a constitutional privilege.
Accordingly, the Court has determined that there is no genuine issue as to any material fact relating to the claim for relief set forth in Count One of the Complaint, and that as a matter of law, plaintiff cannot recover under said claim. Therefore, the claim for relief under said Count One will be denied.
In view of the above determination it is unnecessary to decide the remaining questions raised by defendants' motion to dismiss and motion to strike.