Lionel A. **EVANS**

v.

A. L. **MORRISON** et al.

Civ. A. No. 7869.

United States District Court, E. D. Tennessee, N. D.

Oct. 17, 1972.

Wilson S. Ritchie, Ritchie & Norton, Knoxville, Tenn., for plaintiff.

Robert H. Marquis, Gen. Counsel, Tennessee Valley Authority, Div. of Law, Herbert S. Sanger, Jr., L. Gay Geddie, Jr., Thomas J. Seeley, Jr., Tennessee Valley Authority, Div. of Law, Knoxville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This is an action for reinstatement and back pay. The plaintiff was employed by Tennessee Valley Authority as a steamfitter-welder and as such was represented by the Sheetworkers International Association. On September 13, 1971, a fellow employee, one Willie Ridgeway, accused plaintiff of throwing water at him on that day, and on at least one other occasion. Action was taken against plaintiff immediately by his job supervisor. On September 17, 1971, Mr. A. L. Morrison sent plaintiff a Notice of Proposed Termination for violation of Job Rule 9E entitled "HORSE-PLAY." In this notice plaintiff was advised that he could pursue the matter of his proposed discharge under the Grievance Adjustment Procedure provided for in the General Agreement between T.V.

A. and the Tennessee Valley Trade and Labor Council.

Plaintiff replied orally to Mr. Morrison, denying the charges contained in the notice. However, on September 24, Mr. Morrison, after reviewing the record, decided to terminate plaintiff's employment. Ralph Emmons, the union steward, appealed this decision on behalf of the plaintiff. In his letter dated September 30, 1971, to Mr. H. H. Mull, he asked that Mr. Mull "look into this case and restore [plaintiff to] his job and back pay." Mr. Mull replied to this letter notifying Mr. Emmons that he was sustaining the decision to terminate plaintiff's employment because of the safety hazards involved in the violation.

Plaintiff continued to appeal his discharge. Clayton Carpenter, an assistant union steward, appealed to Mr. William Black. In Mr. Carpenter's letter, he specifically requested a hearing on plaintiff's case. Black sustained the previous determinations and informed Carpenter that there was no provision for a hearing at this level.

Defendant has moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. He states that summary judgment is proper in actions such as these and cites Halsey v. Nitze, 390 F.2d 142 (C.A. 4, 1968), cert. den., 392 U.S. 939, 88 S.Ct. 2316, 20 L. Ed.2d 1399 (1968); Vigil v. Post Office Dept., 406 F.2d 921 (C.A.10, 1969).

■ This Court in reviewing the plaintiff's claim is limited to ascertaining whether there has been substantial compliance to the applicable procedure set forth in the General Agreement between T.V.A. and the Tennessee Valley Trades and Labor Council. Fass v. Ruegg, 379 F.2d 216 (C.A. 6, 1967); Baum v. Zuckert, 342 F.2d 145 (C.A. 6, 1965). Plaintiff's major contention in attacking the procedural regularity of his discharge deals with an absence of a hearing by T.V.A. on his case. The agreement provides for a hearing only at the second level of appeal. In particular, Section H–IX allows for a hearing

at this level only if (1) the employee so requests or (2) the director of the division decides that it is necessary. The affidvits and exhibits presented by both parties in this action show that plaintiff did not request a hearing either in writing or orally. Plaintiff does not state that he personally asked Mr. Mull for a hearing. The only alleged correspondence between plaintiff and Mr. Mull was through the letter of Mr. Emmons. Plaintiff points to language in this letter to the effect that Mr. Mull should "look into this case" to establish that a request was made for a hearing. However, plaintiff's interpretation of this phrase distorts its meaning beyond its reasonable construction. Since plaintiff only had a right to a hearing at this point and he chose not to exercise this right, he waived under the agreement his right to the hearing.

■ Plaintiff raises several other questions dealing with due process requirements and the procedure followed in discharging him. He contends that a hearing is required by the Constitution regardless of the agreement between the parties. No authority is cited for this proposition and authority cited by the defendants is to the contrary. Wilson v. Pleasant Hill School, 334 F.Supp. 1197, 1200 (W.D.Mo., 1971); Bailey v. Richardson, 86 U.S.App.D.C. 248, 182 F.2d 46, 58 (1950), aff'd per curiam, 341 U.S. 918, 71 S.Ct. 669, 95 L.Ed. 1352 (1951).

■ Plaintiff also argues that he was not given notice of all the information considered in his discharge. It is clear that plaintiff was given notice of at least one violation of Rule 9E and under the agreement this is all that was necessary to discharge him.

■ Finally, plaintiff complains of the absence of notice of the decisions of Mr. Mull and Mr. Black. This, he argues, prevented him from perfecting his appeal to the impartial referee as provided for under the agreement. It appears, however, plaintiff was not prejudiced even if there was an absence of notice, since Section H–IX(4) requires

that the Labor Council decide if appeal to referee is warranted and not plaintiff.

For the reasons indicated and upon the cases cited, it is ordered that defendants' motion for summary judgment be, and same hereby is, granted.