**William CHATMAN**

v.

**Edward R. NORRIS et al.**

**Civ. No. 3-75-87.**

United States District Court,
E. D. Tennessee, N. D.

May 30, 1975.

George H. Buxton, III, Oak Ridge, Tenn., for plaintiff.

Beauchamp Brogan, Tennessee Valley Authority, Knoxville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Before the Court is T. V. A.'s motion to dismiss or in the alternative for summary judgment.

Plaintiff, William Chatman, was notified on October 11, 1974 through the offices of Mr. Edward Norris, Steamfitter Superintendent, that his employment with T.V.A. would be terminated within a specified time, as he had on two occasions violated Rule No. 2, that is leaving his work before the designated time. On the first occasion plaintiff received a warning letter stating that if he again left his job site early within a 6 month period, he would be discharged. In the October 11 letter, plaintiff was informed that he had again left his job site early on September 27, 1974 when work remained to be done.

Plaintiff replied orally to charges on October 17, 1974.

By letter dated October 29, 1974 plaintiff was informed that his oral rebuttal having been considered the initial decision of discharge, would become effective November 15, 1975.

Plaintiff took his case to the United States Civil Service Commission where a *de novo* hearing was held, at which time both T.V.A. and plaintiff, with counsel, were afforded ample opportunity to present their contentions and supporting witnesses. The sizeable record before the Court supports this observation.

Following the hearing the chief appeals officer concluded there was substantial evidence to support the charges brought by T.V.A. against plaintiff and that the action taken against plaintiff was not arbitrary, capricious, or unreasonable. More specifically, the Commission found there was substantial evidence to support the conclusions that: (1) plaintiff did leave work early on two occasions; (2) he did receive a warning on the first occasion that discharge would follow the second time; and (3) the distinction in treatment between a journeyman and an apprentice acting pursuant to the directions of a journeyman was permissible.

### Jurisdiction

The sole basis for jurisdiction as invoked by plaintiff is 5 U.S.C. § 702. It is well established that in the Sixth Circuit, the Administrative Procedure Act does not provide an independent basis of jurisdiction. *Bramblett v. Desobry*, 490 F.2d 405 (6th Cir.), cert. denied, 419 U.S. 872, 95 S.Ct. 133, 42 L. Ed.2d 111 (1974). To this end, *Abbot Laboratories v. Gardner*, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), speaks to the presumption of reviewability of agency action, but reviewability of administrative actions should be distinguished from threshold jurisdiction. While *Abbot Laboratories* may aid in establishing reviewability, it is not a grant of jurisdiction.

### Scope of Review

The Court's scope of review in this action is well defined:

The judicial function is to determine whether there has been substantial compliance with applicable procedures and statutes, and not to review the administrative determination. . . .
*Baum v. Zuckert*, 342 F.2d 145, 147, (6th Cir. 1965); *Foss v. Ruegg*, 379 F.2d 216, 218 (6th Cir. 1967)

Similarly this Court in *Evans v. Morrison*, 372 F.Supp. 330 (E.D.Tenn. 1972) and *McBride v. Tennessee Valley Authority*, 395 F.Supp. 1181 (E.D.Tenn. 1974), aff'd 513 F.2d 632 (6th Cir. 1975), has limited its review to procedural compliance and has not passed on the agency's wisdom in discharging the complaining party. *Accord, Chiriaco v. United States, ex. rel. Tennessee Valley Authority*, 339 F.2d 588 (5th Cir. 1964).

An examination of the record in this instance indicates that at each level

plaintiff was accorded his procedural rights. The only allegation going to the propriety of dismissal procedure is that an unauthorized employee gave the notice of termination to plaintiff. It is readily apparent why plaintiff fails to cite any authority for his proposition since, as noted by the Commission, the procedure invoked here is one uniformly found in all sectors of business and government.

Accordingly, for the reasons set forth above, it is Ordered that defendants' motion be granted and plaintiff's action is dismissed.