David C. RAMSEY

v.

TENNESSEE VALLEY AUTHORITY, David A. Patterson and Wayne P. Myers.

No. 3–80–297.

United States District Court, E. D. Tennessee, N. D.

Oct. 29, 1980.

Jerrold L. Becker, Knoxville, Tenn., for plaintiff.

Herbert S. Sanger, Jr., Gen. Counsel, James E. Fox, Asst. Gen. Counsel, Larry S. Bush, Edward M. Joffe, Knoxville, Tenn., for defendants.

MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This is an employment case. Plaintiff alleges in his complaint that on February 3,

1980, he was transferred from his former position as Chief of the Community Health Projects Section in the Office of Community Development (OCD) to his present position as Intergovernmental and Community Relations Specialist; that his transfer was arbitrary, capricious and improperly motivated by defendant Myers in response to plaintiff's previous complaints regarding the reorganization of the OCD; that the transfer contravenes the stated policy of TVA to make all personnel decisions on the basis of merit and efficiency; and that the transfer deprived him of a property interest in his former position without due process of law, in violation of the Fifth and Fourteenth Amendments to the Constitution. Plaintiff says that an internal memorandum dated January 21, 1980 outlining proposed organizational changes within the OCD indicates that his new position is slated for elimination, and fears that his job with TVA has been placed in serious jeopardy by reason of his transfer. He seeks a declaration by this Court that the transfer was illegal, and reinstatement in his former position as Chief of the Community Health Projects Section.

Defendants have moved for summary judgment on the ground that this Court is without jurisdiction to review the kind of personnel decision at issue here. We agree.

Attached to defendants' motion is the affidavit of defendant David A. Patterson who, at the time the action complained of occurred, was Deputy Manager of the OCD. Mr. Patterson states that since its creation in February, 1979, the OCD has undergone numerous organizational changes. He says that he made the decision to transfer plaintiff after discussions with plaintiff's division director and other top–level OCD managers, and that it was his best judgment at the time that Mr. Ramsey was well suited for the new position and could be used more effectively there than where he was. The position to which plaintiff was transferred carried the same grade and salary as Chief of Community Health Section. Finally, Mr. Patterson states in his affidavit that the position to which plaintiff was transferred is not slated for elimination. He says:

I am familiar with the January 21, 1980 memorandum . . . which states that "[t]he intergovernmental and community relations staff [in the OCD Manager's office is] eliminated." This was not a reference to the Intergovernmental and Community Relations *Specialist* position to which Mr. Ramsey was transferred. Rather, it referred to an earlier organizational unit which had already *been eliminated prior to* the creation of the job to which Mr. Ramsey was transferred. The personnel of that staff had been transferred to other positions within OCD.

(Affidavit of David A. Patterson, at 3. Emphasis in original).

In his response, plaintiff recognizes that the reorganization of OCD is within the discretion of TVA management, but reiterates his *opinion* that his transfer was provoked by his complaints and was not based on "merit and efficiency."

This Court does not sit in judgment of the wisdom or merits of discretionary administrative determination of the kind at issue here. At most we have the power to review compliance with procedural requirements. *See, Baum v. Zuckert,* 342 Fed. 145 (6th Cir. 1965); *Chatman v. Norris,* 401 F.Supp. 943 (E.D.Tenn.1975). Since we have been cited to no set procedures to review lateral transfers of employees among jobs having the same grade and salary, we have nothing to review.

As pointed out, Patterson stated that he ordered the transfer after consultation with plaintiff's supervisor, and felt that the change would be better for all concerned. Plaintiff has presented no facts to rebut this contention. Nor has plaintiff offered specific facts showing that the very position for which he was transferred was slated for elimination, or that he was being set up for termination. Patterson distinguishes between the "specialist" position to which plaintiff was transferred and the Intergovernmental and Community Relations *Staff* which had already been eliminated. We note that there is nothing in the record indicating that plaintiff is no longer work-

ing at TVA, or that his specialist position has been eliminated.

■ Finally, plaintiff's due process claims cannot be sustained because he has offered no facts which would give rise to a property interest in his employment. In fact, the TVA Code III Selection, attached to plaintiff's complaint, states, in pertinent part:

> Retention in a position is not a vested right since Section 3 of the TVA Act provides that any appointee may be removed in the discretion of the Board of Directors.

There are no "rules or understandings" that give rise to "a legitimate claim of entitlement to" his former position as Chief of Community Health Projects Section. *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972).

This Court is not designed to sit in judgment of personnel decisions best left to those with expertise in personnel matters and familiarity with the workings and problems of the agency concerned. It would be an abuse of our function to sit in judgment of the wisdom of internal staffing and organizational decisions of the type raised in this case. Were we to entertain these suits, we would have precious little time left to deal with the other important cases that come before us. We close with the words of Mr. Justice Stevens in *Bishop v. Wood*, 426 U.S. 341, 349–350, 96 S.Ct. 2074, 2079–80, 48 L.Ed.2d 684 (1976):

> The federal court is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies. We must accept the harsh fact that numerous individual mistakes are inevitable in the day-to-day administration of our affairs. The United States Constitution cannot feasibly be construed to require federal judicial review for every such error.... The Due Process Clause of the Fourteenth Amendment is not a guarantee against incorrect or ill-advised personnel decisions. (Footnote omitted)

For the foregoing reasons, it is ORDERED that defendants' motion for summary judgment be, and the same hereby is, granted. It is further ORDERED that this case be, and the same hereby is, dismissed.

Order Accordingly.