Robert B. ELLIOTT, Plaintiff,

v.

The UNIVERSITY OF TENNESSEE, et al., Defendants.

No. 82–1014.

United States District Court,
W.D. Tennessee, E.D.

May 2, 1984.

Avon Williams and Richard Dinkins, Nashville, Tenn., G. Ray Bratton, Memphis, Tenn., for plaintiff.

Allen Parker, Knoxville, Tenn., Richard Glassman, Memphis, Tenn., for defendants.

## MEMORANDUM DECISION ON DEFENDANTS' AMENDED MOTION FOR SUMMARY JUDGMENT

McRAE, Chief Judge.

This is an action for preliminary and permanent injunctive relief and $1,000,-000.00 in damages pursuant to 42 U.S.C. § 1983, and Title VI and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000d et seq. and 2000e *et seq.*, brought by Robert B. Elliott, a nontenured faculty member with the rank of Associate Agricultural Extension Agent of The University of Tennessee's Agricultural Extension Service (AES), now assigned to its Shelby County office.

Plaintiff alleges that defendants have violated his civil rights on the basis of race, 42 U.S.C. § 1981, and have conspired to deprive him of civil rights under 42 U.S.C. §§ 1985 and 1986. In addition to his individual action, plaintiff seeks to have this action certified and maintained as a class action for which he seeks injunctive and declaratory relief from discrimination on the basis of race.

When the plaintiff filed this action in December of 1981, the dean of the AES had written to plaintiff stating that a due process hearing would be conducted under the Contested Case Provisions of the Tennessee Uniform Administrative Procedures Act (UAPA), T.C.A. § 4-5-301, *et seq.*, to determine whether or not plaintiff's employment should be terminated on the basis of gross misconduct, inadequate work performance, and improper job behavior. Because this action was filed prior to any due process hearing in this employment disciplinary matter, the University defendants moved the Court to dismiss on the basis, *inter alia*, that this civil rights action was premature and was not ripe for judicial review.

Initially, this Court entered a temporary restraining order which was lifted later by Judge Wellford on March 29, 1982, when he ruled that the defendants would not be restrained from taking job action against plaintiff, including termination, after a full and adequate hearing.

After dissolution of the temporary restraining order, a UAPA hearing was convened in Jackson, Tennessee, on April 26, 1982. It continued with various recesses until its conclusion five months later on September 29, 1982. The administrative record consists of 55 volumes of transcript containing over 5,000 pages of the testimony of over 100 witnesses and 153 exhibits. Plaintiff's employment has never been interrupted and the final UAPA order requires that plaintiff's employment continue.

The initial order of the Administrative Law Judge (ALJ), a ninety-six-page document containing extensive findings of fact and conclusions of law, was entered on April 4, 1983, in accordance with T.C.A. § 4-5-314(b). It ruled that the agency proved four of the eight charges filed against plaintiff, but failed to prove four of the charges. The ALJ also ruled that the plaintiff failed to prove, as a defense, that

the defendants' motive in seeking plaintiff's discharge was racial.

Instead of ordering that plaintiff be terminated, the ALJ ordered that the employee be reassigned to a different work station for a one-year period and that plaintiff be given new supervisors. Previously, plaintiff was assigned in the Madison County Office of the AES under the supervision of the Extension Leader, Curtis Shearon.

Both plaintiff and the agency filed petitions for reconsideration of the initial order, which were overruled. Thereafter, plaintiff appealed the initial order, pursuant to T.C.A. § 4–5–315, to Dr. W.W. Armistead, University of Tennessee Vice President for Agriculture, who, on August 1, 1983, filed the final order in the UAPA case. Dr. Armistead affirmed and incorporated the initial order by reference and held, in part:

> My review of the record [the ALJ ruling] in this case convinces me that it is supported by the evidence, and that no error was committed by the Administrative Judge in reaching such decision. I am also convinced from my review of the record that the action of the Extension Service in proposing the termination of employee's services was not motivated by employee's race but by a desire to terminate employee for what the Extension Service sincerely believed to be inadequate job performance and inadequate job behaviour. The lengthy due process hearing afforded employee and the lengthy hearing record, which has been filed with me, are ample evidence of such fact. [Attachment C, Plaintiff's Motions].

In accordance with such final order, plaintiff, on August 31, 1983, was transferred for one year to Shelby County. Plaintiff was not reclassified but remains in his same status as a nontenured faculty member, with the same rank, same salary, and same benefits as before. The only change ordered by the final order was a change of work station for one year and a change of supervisors, approximately 80 miles distance from his former station.

Plaintiff did not seek a stay of the final order from Vice President Armistead, even though such stay is provided for in the UAPA, T.C.A. § 4–5–316. More significantly, plaintiff did not seek judicial review of the UAPA final order under T.C.A. § 4–5–322, which requires that a petition for judicial review must be filed in chancery court within 60 days after the entry of the final order.

Instead, plaintiff delayed eighty-four days after entry of the final order and filed the pending action in this Court, a petition for a TRO and preliminary injunction or, alternatively, a stay of the final agency order almost two months after plaintiff's transfer to Shelby County was complete and effective, in an attempt to restrain what had already occurred.

■ Plaintiff attacks the merits of the August 1, 1983 final UAPA agency order, claiming that the final administrative order is arbitrary, retaliatory, wrongful, illegal, harassing, unnecessary and damaging to his reputation. However, since plaintiff did not appeal timely to the proper court, the merits of the August 1, 1983 final order are not reviewable here in this Court and that proceeding is *res judicata* to any attack on the merits of that order in this, or any other, court.

It is defendants' position that summary judgment is proper in favor of the University of Tennessee defendants for the following reasons.

■ 1. In so far as the plaintiff seeks to have this Court serve as an appellate tribunal over the UAPA hearing, this Court lacks appellate jurisdiction to review the merits of the final order of the UAPA hearing which ruled upon the same issues present in this case. Jurisdiction for judicial review of a final UAPA order is vested in the Tennessee chancery courts under T.C.A. § 4–5–322.

2. The final order of August 1, 1983 is *res judicata*, which bars any attempt to attack the merits of that order.

Exclusive jurisdiction to judicially review the merits of a final order entered in a UAPA contested case is in the Tennessee chancery courts. *United Inter-Mountain Telephone Company v. Public Service Commission,* 555 S.W.2d 389 (Tenn.1977); T.C.A. 4–5–322(a).

It is a hornbook principle that judicial review of the merits of a final administrative decision is proper only in accordance with the statute which provides for judicial review. Plaintiff's post administrative hearing motions for a TRO, a stay of the UAPA final order, and preliminary injunction are obvious efforts to attack the merits of this UAPA contested case decision and should have been filed, if at all, in chancery court within the prescribed 60–day period. The final agency order so stated:

> A petition for reconsideration of this order may be filed within ten (10) days after entry, as set forth in T.C.A. § 4–5–317. Judicial review of such order may be had by filing a petition for review in a Chancery Court having jurisdiction within sixty (60) days from the entry of this order, as provided by T.C.A. § 4–5–322.

Plaintiff deliberately chose to contest the disciplinary charges against him by means of a UAPA contested case in accord with T.C.A. § 4–5–301, *et seq.* Having invoked the due process provisions of the UAPA through a final agency order, plaintiff was required to follow the requirements of the Tennesse law to review the administrative final order.

■ Moreover, even in a proper case where federal courts have jurisdiction, the federal courts are not the proper forum to review the merits of an administrative disciplinary proceeding against a government employee. *Gross v. University of Tennessee,* 448 F.Supp. 245 (W.D.Tenn.1978), *aff'd,* 620 F.2d 109 (6th Cir.1980).

Plaintiff makes no claim of denial of procedural due process. Nor can he in light of the long exhaustive evidentiary hearing in which plaintiff presented more than ninety witnesses, and cross-examined some of the agency's witnesses for more than thirty hours each. Plaintiff clearly has received full protection in this due process hearing, as required in *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), and *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972).

That this court simply is the wrong place to attack such a transfer of job location or change of supervisors was made clear by the United States Supreme Court in *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). In *Ramsey v. TVA,* 502 F.Supp. 230, 232 (E.D.Tenn.1980), the court said:

> This Court is not designed to sit in judgment of personnel decisions best left to those with expertise in personnel matters and familiarity with the workings and problems of the agency concerned.

Having demonstrated that this Court is not the forum in which the plaintiff may seek appellate review of the administrative ruling, the Court now wishes to treat the question pertaining to *res judicata.*

When plaintiff first filed this case, the personnel disciplinary hearing by the administrative agency had not been conducted. Plaintiff, therefore, sought to forestall the administrative hearing upon his alleged misconduct and he sought class relief whereby the Court would investigate and supervise all phases of employment relations in the AES, similar to the school desegregation cases. When injunctive relief against the disciplinary proceedings was denied in this court, plaintiff litigated in the UAPA proceeding all of the issues about which he now complains, including allegedly racially discriminatory conduct by his employers. As heretofore noted, the final disciplinary order was appealable to courts of record in the court system of Tennessee.

This Court is convinced that the civil rights statutes set forth in Title 42 of the United States Code, and upon which plaintiff relies for this Court's jurisdiction, were not intended to afford the plaintiff a means of relitigating what plaintiff has heretofore

litigated over a five-month period. There-fore, this Court should dismiss the case upon the doctrine of *res judicata.*

For the above reasons, this Court con-cludes that a summary judgment should be granted in favor of all defendants and the Clerk is directed to enter a judgment of dismissal with prejudice in favor of all de-fendants.