### MILLS v. UNITED ASS'N OF JOURNEYMEN & APPRENTICES OF THE PLUMBING & PIPE FITTING INDUSTRY OF THE UNITED STATES & CANADA et al.

No. 818.

United States District Court
W. D. Missouri, S. D.

Sept. 4, 1948.

Jo B. Gardner, of Gardner & Gardner, all of Monett, Mo., for plaintiff.

Flay E. Randle, of Springfield, Mo., for defendants.

REEVES, District Judge.

This is an action under Section 187, Title 29 U.S.C.A. It is one of the sections of the statutes known as the "Taft-Hartley Act." It is provided by that act, among other things, that:

"(a) It shall be unlawful * * *, in an industry or activity affecting commerce, for any labor organization * * * to induce or encourage the employees of any employer to engage in, a strike * * *."

In his complaint the petitioner alleges that, on the 18th of March 1948, he "entered into a plumbing subcontract with one Don Garbee of Springfield, Missouri who is the general contractor for the construction of a Coca-Cola bottling plant at Bolivar, Missouri; * * *." And that, "Many of the building material and much of the equipment for said plant were moved or were to be moved, in interstate commerce; and said plant, after its completion is to be used for the mixing and bottling of a bottled soft drink known as Coca-Cola. The materials for the finished bottled product and the means of distributing same are in part purchased and shipped from states other than Missouri and must be shipped across state lines to said plant before it can operate for the purpose and in the manner intended."

It is then alleged that the named defendants, with others, having entered into a conspiracy against the plaintiff, induced and encouraged a strike against plaintiff, by the following averments: "After entering into said contract, plaintiff requested defendants to furnish union plumbers to work thereon. Defendants refused to furnish same, and then plaintiff hired two union plumbers from Carthage, Missouri. Said men were hired for the purpose of doing the plumbing work contracted by plaintiff at said plant and, after being hired, they entered upon perform-ance of their duties thereat. Defendants, in pursuance to said conspiracy willfully and unlawfully ordered said union employees to strike against plaintiff and refuse to work for him; and on or about the 25th day of May, 1948 said employees did strike against plaintiff and have since said date, failed and refused to work for him within the jurisdiction of defendant local union."

This was followed by an averment that the defendants were maintaining a boycott against plaintiff to his damage.

■ 1. Under Rule 8, Federal Rules of Civil Procedure, 28 U.S.C.A., the foregoing averments were sufficient to advise the defendants of the nature of the action. Long and prolix complaints are condemned by the Eighth Circuit Court of Appeals. Cool v. International Shoe Co. 142 F.2d 318. A complainant is only required to make a short and plain statement of facts upon which he relies to establish his claim. Clyde v. Broderick, 10 Cir., 144 F.2d 348. This is true for the reason that under the New Rules of Federal Procedure technicalities in pleadings are no longer of their former importance and a short statement which merely gives notice of the nature of the claim is a sufficient compliance with the rule. Continental Collieries v. Shober, 3 Cir., 130 F.2d 631.

Since the defendants are advised of the nature of the action and, in the absence of ambiguities, no difficulty need be experienced in answering. It appears, moreover, that answers have been filed by the defendants.

■ 2. The motion to dismiss should be overruled for the reasons above stated. If the defendants, as alleged by plaintiff, have induced a strike or a boycott against plaintiff, then under the law plaintiff is entitled to an injunction and damages and, since he so avers, the complaint is sufficient and the motion to dismiss should be overruled.