**BETHLEHEM STEEL CO. v. INDUS-
TRIAL UNION OF MARINE & SHIP-
BUILDING WORKERS OF AMERICA,
C.I.O. et al.**

Civ. No. 13740.

United States District Court,
E. D. New York.

Oct. 14, 1953.

Cravath, Swaine & Moore, Washington, D. C., for plaintiff, Ralph L. McAfee, New York City, of counsel.

Seymour W. Miller, Brooklyn, N. Y., for defendant, Seafarers International Union, Atlantic & Gulf District, Albert V. Testa, Brooklyn, N. Y., of counsel.

GALSTON, District Judge.

This is a motion by the defendant, Seafarers International Union, to dismiss as against it the third cause of action alleged in the complaint, on the grounds that it fails to state a claim upon which relief can be granted, and that it fails to allege the required diversity of citizenship.

The complaint alleges three causes of action. The first cause of action bases jurisdiction upon Section 301 of the Labor Management Relations Act of 1947. 29 U.S.C.A. § 185. It alleges a collective bargaining contract between the plaintiff, a corporation engaged in an industry affecting interstate commerce, and the defendants, Industrial Union of Marine and Shipbuilding Workers of America, C.I.O., and Local 13, Industrial Union of Marine and Shipbuilding Workers of America, C.I.O. It then alleges:

"Continuously since July 29, 1953, the defendants Industrial and Local 13, in violation of Article XVIII of said Agreement, have refused to accede to plaintiff's demand to require or compel such of their members as are employees of plaintiff at the Brooklyn 27th Street Yard to enter or to do any work in said shipyard, and have, moreover, in further violation thereof encouraged, sanctioned and taken part through said members in picketing, boycotting and other interference with the business and operations of said shipyard."

The second cause of action, after stating that jurisdiction is based on Section 303 of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 187, alleges:

"Continuously since July 29, 1953, defendant Seafarers has itself engaged in various activities and has induced and encouraged employees of plaintiff to violate the said Agreement and to refuse to perform any of the services provided for therein with the object and intent of forcing or requiring plaintiff to cease doing business with Valentine Tankers Corporation."

The third cause of action, after repeating by reference the material allegations of the first two causes of action, alleges:

"On or before July 29, 1953, and continuously thereafter, the defendants combined and conspired to induce and encourage employees of plaintiff to violate the said Agreement and to refuse to perform any of the services provided for therein with the object and intent of forcing or requiring plaintiff to cease doing business with Valentine."

In making this motion, the defendant, Seafarers International Union, contends that the third cause of action is allegedly based on both Section 301 and Section 303 of the Labor Management Relations Act, supra, and that neither section encompasses conspiracies or combinations to engage in the conduct prohibited by the sections.

By its allegations, the jurisdictional bases for the third cause of action are Section 301 and Section 303. However, it is not clear from the statement of the claim that it is one alleging both a conspiracy to violate a contract between an employer and a labor organization within the meaning of Section 301 and a conspiracy to induce a secondary boycott prohibited by Section 303. The paragraphs of the complaint quoted above indicate that the claim in the third cause of action alleging a conspiracy is stated in language practically identical to the claim stated in the second cause of action. Apparently there is no dispute that the allegations of the second cause of action state a claim for damages for a secondary boycott in violation of Section 303. In contrast, the allegations of the first cause of action setting forth a claim for the violation of the labor agreement is in quite different language.

By reference, the third cause of action incorporates paragraph 3 of the first cause of action, alleging that jurisdiction is based on Section 301. However, an allegation of the ground upon which jurisdiction depends is not the

equivalent of a statement of the claim for relief. Rule 8(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., requires both to be set forth in the pleadings.

██ However, there can be no question that the allegations contained in the third cause of action state a claim for relief against a conspiracy to induce and encourage a secondary boycott coming within the prohibitions of Section 303. This section provides:

"It shall be unlawful, for the purposes of this section only, in an industry or activity affecting commerce, for any labor organization to engage in, or to induce or encourage the employees of any employer to engage in, a strike or a concerted refusal in the course of their employment * * * to perform any services, where an object thereof is—

"(1) forcing or requiring any employer * * * to cease doing business with any other person". 29 U.S.C.A. § 187(a).

██ The Supreme Court has pointed out that in enacting the Labor Management Relations Act of 1947, the Congress was concerned with reshaping labor-management legal relations and was taking precise steps to declared and announced objectives, one of which was the elimination of obstacles to suits in the federal courts. International Longshoremen's & Warehousemen's Union v. Juneau Spruce Corporation, 342 U.S. 237, 241–242, 72 S.Ct. 235, 96 L.Ed. 275. In the International Longshoremen's case, it was held that a charge by the trial court that a finding by the jury that the defendants had entered into a conspiracy to commit acts prohibited by Section 303, could be made a basis for a verdict in the plaintiff's favor, was proper. International Longshoremen's & Warehousemen's Union v. Juneau Spruce Corp., 9 Cir., 189 F.2d 177, 189–190, affirmed 342 U.S. 237, 72 S.Ct. 235, 96 L.Ed. 275.

██ Section 303 provides that it shall be unlawful for "any labor organization" to induce or encourage the employees of "any employer" to engage in a concerted refusal in the course of their employment to perform any services, with the object of forcing "any employer" to cease doing business with "any other person". It is apparent from this language that it was the intention of the Congress to give a broad scope to the prohibitions contained in the section. Furthermore, a secondary boycott, by definition, concerns a dispute between parties other than those to the particular labor agreement involved. When two or more persons act in concert to commit an act prohibited by Section 303, under the broad language of the section an action will lie against all of them.

Complaints alleging a conspiracy to induce acts prohibited by Section 303 were upheld in Pepper & Potter, Inc., v. Local 977, United Auto Workers, C.I.O., D.C., 103 F.Supp. 684; and in Mills v. United Ass'n of Journeymen & Apprentices, etc., D.C., 8 F.R.D. 300.

██ Since the third cause of action sets forth a claim arising under the provisions of Section 303 of the Labor Management Relations Act of 1947, supra, the question of diversity is immaterial.

The defendant's motion to dismiss the third cause of action is denied. Settle order.