Matt DAVID, and M. D. Operating Co., Inc., Plaintiffs,

v.

SINCLAIR REFINING COMPANY, Defendant.

United States District Court
S. D. New York.
Jan. 29, 1960.

Henry Gallop, New York City, for plaintiff.

Joseph P. Walsh, Everett L. Dodrill and Vincent A. Gorman, New York City, for defendant.

BICKS, District Judge.

Plaintiffs sue for treble damages, injunctive relief and a declaratory judgment, all premised on conduct of the defendant allegedly in violation of section 2 of the Robinson-Patman Act. 15 U.S.C.A. § 13. The complaint alleges that plaintiffs maintain a gasoline sta-tion in Kings County; that the defendant sells gasoline and petroleum products "throughout the various states of the United States, including the State of New York"; that by the use of various devices, including a lease-back agreement with the plaintiffs as alleged, the defendant discriminated in price between plaintiffs and other like purchasers of defendant's products; the result of all of which "has been to substantially lessen competition or to injure, destroy or prevent competition in the sale and distribution of (defendant's) products."

*Sub judice* is a motion by the defendant to dismiss the complaint on the grounds of insufficiency and lack of jurisdiction over the subject matter. The claims upon which plaintiffs predicate their right to relief are based on the Robinson-Patman Act, supra, and the amount in controversy exceeds $10,-000. 28 U.S.C. § 1331(a). Since sufficiency and jurisdiction are attacked, "before deciding that there is no jurisdiction, the district court must look to the way the complaint is drawn to see if it is drawn so as to claim a right to recover under the * * * laws of the United States." Bell v. Hood, 1945, 327 U.S. 678, 681, 66 S.Ct. 773, 775, 90 L.Ed. 939. That is, we must "assume jurisdiction to decide whether the allegations state a cause of action on which the court can grant relief." Id., 327 U.S. at page 682, 66 S.Ct. at page 776. Dismissals not going to the merits based on mere technical defects and ambiguities in pleadings are viewed with disfavor in the federal courts. Nagler v. Admiral Corp., 2 Cir., 1957, 248 F.2d 319; Arfons v. E. I. Du Pont De Nemours & Co., 2 Cir., 1958, 261 F.2d 434, 435; South Suburban Safeway Lines, Inc. v. Carcards, Inc., 2 Cir., 1958, 256 F.2d 934, 935; New Home Appliance Center, Inc. v. Thompson, 10 Cir., 1957, 250 F.2d 881.

The Federal Rules were adopted with a view to simplifying the office of a pleading and avoiding lengthy pretrial disputes and delays, but, as one Court

recently stated, "even after a score of years of experience it is still doubtful just how much a complaint must state to avoid dismissal." Rosen v. Texas Co., D.C.S.D.N.Y.1958, 161 F.Supp. 55, 57. The rule in this Circuit, however, is that actions for treble damages, the so-called "big cases", require no more particularized pleading than any other action. Niagara of Buffalo, Inc. v. Niagara Mfg. & Distributing Corp., 2 Cir., 1958, 262 F. 2d 106; New Home Appliance Center Inc. v. Thompson, supra, 250 F.2d at page 883; Nagler v. Admiral Corp., supra, 248 F.2d at page 323; Package Closure Corp. v. Sealright Co., 2 Cir., 1944, 141 F.2d 972, 979. What is required by Rule 8(a), F.R.Civ.Proc., 28 U.S.C., is a "short and plain statement of the claim showing the pleader is entitled to relief."

The thrust of defendant's attack is that the pleading fails to allege that plaintiffs or any other person purchased any commodity from the defendant; that if such purchases are alleged, the pleading fails to allege that any purchase involved interstate commerce; that the pleading fails to allege the acts purportedly in violation of section 2 of the Act, supra, caused any loss of business, or compelled a reduction in price.

 A complaint must be considered in its entirety and not by separating and considering separately isolated words or paragraphs. So read, the allegations in the complaint, liberally construed as we must on an application testing its sufficiency, set forth purchased by the plaintiffs and other customers from the defendant. Under the circumstances, the pleaders' failure to employ the word "purchase" does not render the pleading defective. Albeit the complaint does not with specificity so allege, a fair reading thereof leaves little room for doubt that an element of plaintiffs' claim is that the conduct complained of affects interstate commerce.

Motion denied. So ordered.