Joseph **MAINELLI**

v.

**PROVIDENCE JOURNAL COMPANY.**

**Civ. A. No. 2800.**

United States District Court
D. Rhode Island.

Dec. 4, 1961.

---

**8**

Aram A. Arabian, Joseph Mainelli, Providence, R. I., for plaintiff.

Laurence J. Hogan, of Hogan & Hogan, Edwards & Angell, Knight Edwards, Providence, R. I., and Edward F. Hindle, Providence, R. I., of counsel, for defendant.

DAY, District Judge.

This matter is now before me upon the defendant's motion to dismiss the plaintiff's complaint.

In his complaint the plaintiff alleges that "this action arises under the laws of the United States, to wit, 28 U.S.C.A. § 507, and 18 U.S.C.A. § 1503, and comes within the purview of 28 U.S.C.A. § 1331, as hereinafter more fully appears."

The complaint contains five counts. Count I charges that the defendant did maliciously and corruptly endeavor to obstruct, impede, influence and intimidate him in the performance of his duties as United States Attorney for the District of Rhode Island by the publication of a certain editorial, a copy of which is annexed to said complaint, and incorporated therein by reference thereto. Count II charges the defendant conspired with persons unknown to maliciously endeavor to obstruct, impede, influence and intimidate him in the performance of his duties as aforesaid by the publication of said editorial. Count III in substance charges the defendant with unlawful interference with his advantageous relationship as such United States Attorney with the Department of Justice. Count IV charges the defendant with having conspired with persons unknown to interfere unlawfully with said advantageous relationship, and Count V alleges an action of libel, a common law action.

The defendant has moved to dismiss on the grounds that

"(1) the Court lacks jurisdiction because there is no federal question involved and the action does not arise under the Constitution, laws or treaties of the United States.

"(2) The complaint fails to state a claim upon which relief can be granted, because it affirmatively appears on the face of the complaint that the action is barred by the Statute of Limitations."

The sole issue raised by ground (1) of defendant's motion is whether the allegations of the plaintiff's complaint make said counts or any of them actions over which this Court has federal jurisdiction under the provisions of 28 U.S.C.A. § 1331(a) which provide as follows:

"(a) The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum of $10,000, exclusive of interest and costs, and arises under the Constitution, laws or treaties of the United States."

Plaintiff contends that the causes of actions alleged in Counts I and II are predicated on 18 U.S.C.A. § 1503, and that those alleged in Counts III and IV are predicated on 28 U.S.C.A. § 507. He concedes that Count V alleges an action for libel, a common law tort, but claims

that this Court has pendent jurisdiction over the same under the doctrine of Hurn v. Oursler, 1933, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148.

In determining whether federal jurisdiction of this controversy exists under 28 U.S.C.A. § 1331(a) it is the duty of a District Court to examine the complaint to see if it is drawn so as to claim a right to recover under the Constitution or laws of the United States. And federal jurisdiction is not defeated by the possibility that the averments of the complaint may fail to state a cause of action upon which the plaintiff could obtain relief.

The rule is clearly set forth in Bell v. Hood, 1946, 327 U.S. 678, at pages 681, 682, 66 S.Ct. 773, at pages 775, 776, 90 L.Ed. 939, where the Supreme Court said:

"* * * Before deciding that there is no jurisdiction, the district court must look to the way the complaint is drawn to see if it is drawn so as to claim a right to recover under the Constitution and laws of the United States. For to that extent 'the party who brings a suit is master to decide what law he will rely upon, and * * * does determine whether he will bring a "suit arising under" the * * * [Constitution or laws] of the United States by his declaration or bill.' The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 [33 S.Ct. 410, 411, 57 L.Ed. 716] * * *

"Jurisdiction, therefore, is not defeated as respondents seem to contend, by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided *after*

and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction. * * *" (underlining supplied).

See also Dann v. Studebaker-Packard Corporation, 1961, 6 Cir., 288 F.2d 201; Garfield v. Palmieri, 1960, D.C.N.Y., 193 F.Supp. 582; David v. Sinclair Refining Company, 1960, D.C.N.Y., 25 F.R.D. 190.

The test as to when a case arises under the Constitution or laws of the United States is well set forth in Gully v. First National Bank, 1936, 299 U.S. 109, at page 112, 57 S.Ct. 96, at page 97, 81 L.Ed. 70:

"How and when a case arises 'under the Constitution or laws of the United States' has been much considered in the books. Some tests are well established. To bring a case within the statute a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. Starin v. [City of] New York, 115 U.S. 248, 257 [6 S.Ct. 28, 29 L.Ed. 388]; First National Bank [of Canton, Pa.] v. Williams, 252 U.S. 504, 512 [40 S.Ct. 372, 374, 64 L.Ed. 690]. The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another. Ibid; King County [Wash.] v. Seattle School District, 263 U.S. 361, 363, 364 [44 S.Ct. 127, 128, 68 L.Ed. 339] * * *"

Counts I and III allege unlawful violations by the defendant of legal rights claimed by the plaintiff to be secured to him under the laws of the United States. Counts II and IV allege conspiracies by the defendant with others to commit said violations and the damages alleged by the plaintiff are in excess of the minimum

jurisdictional amount required to give this Court jurisdiction under the provisions of 28 U.S.C.A. § 1331(a).

A complaint so drawn seeking recovery for invasion of rights claimed under the laws of the United States vests jurisdiction in this Court and requires it to decide whether the claims asserted therein have any merit. Bell v. Hood, supra. And this is apparently true even though the claims might be patently frivolous. Montana-Dakota Utilities Co. v. Northwestern Public Service Co., 1951, 341 U.S. 246, 71 S.Ct. 692, 95 L.Ed. 912.

In view of the allegations contained in Counts I, II, III and IV, it cannot be said that this Court is without jurisdiction to determine the merits of the claims asserted therein. On the contrary, it would appear that it is the duty of this Court to do so. Bell v. Hood, supra; Montana-Dakota Utilities Co. v. Northwestern Public Service Co., supra.

Accordingly, the motion to dismiss Counts I, II, III and IV for want of jurisdiction must be and it is denied.

 As plaintiff contends Count V states a cause of action for libel. This cause of action is clearly not one arising under the Constitution, laws or treaties of the United States. In addition, it is clear from the complaint that jurisdiction based upon diversity of citizenship is lacking here. And there is no pendent jurisdiction, as claimed by the plaintiff, under the doctrine of Hurn v. Oursler, 1933, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148. The requirement for the existence of pendent jurisdiction is clearly stated in Delman v. Federal Products Corporation, 1958, 1 Cir., 251 F.2d 123, at page 126, to be as follows:

"* * * Nor is there pendent jurisdiction over the cause of action for breach of the contract of employment under the doctrine of Hurn v. Oursler, 1933, 289 U.S. 238, 53 S. Ct. 586, 77 L.Ed. 1148, for that cause of action is not at all the same as the plaintiff's cause of action for failure to grant reemployment as the acts of Congress require, and

under Hurn v. Oursler (289 U.S. at page 246, 53 S.Ct. at page 589) pendent federal jurisdiction exists only when 'two distinct grounds in support of a single cause of action are alleged, one only of which presents a federal question,' and does not exist when 'two separate and distinct causes of action are alleged, one only of which is federal in character.'"

Since the cause of action for libel alleged in Count V is not at all the same as any of those causes of action alleged in the remaining counts of plaintiff's complaint and is not federal in character, defendant's motion to dismiss Count V for want of jurisdiction is granted.

The dismissal of Count V for want of jurisdiction makes it unnecessary for me to pass upon the defendant's contention that the action for libel stated therein is barred under the applicable statute of limitations which it contends is 2 Gen. Laws of Rhode Island 1956, § 9–1–14.

In conclusion, the defendant's motion is denied as to Counts I, II, III and IV and is granted as to Count V. Count V is dismissed for want of jurisdiction.