**Betty H. REED, Appellant,**

v.

**BOARD OF EDUCATION OF the PARK-WAY SCHOOL DISTRICT et al.,**
Appellees.

No. 71–1640.

United States Court of Appeals,
Eighth Circuit.

Submitted May 12, 1972.

Decided May 25, 1972.

Donald L. James, James E. Whaley, Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, St. Louis, Mo., for appellant.

Richard D. Schreiber, C. Kenneth Thies, A. H. Hamel, Kerth, Thies, Schreiber, Hamel & Dee, Clayton, Mo., for appellees.

Before MATTHES, Chief Judge, and HEANEY and STEPHENSON, Circuit Judges.

PER CURIAM.

On November 16, 1970, Betty H. Reed filed a complaint in two counts in the United States District Court for the Eastern District of Missouri. The complaint named as defendants and sought relief against the Board of Education of the Parkway School District and various officials of the Manchester Elementary School in St. Louis County, Missouri for alleged violations by the defendants of Ms. Reed's constitutional rights. The violations alleged stem from events which, from the face of the complaint, may be summarized as follows.

Sometime during the 1969–70 school year, Ms. Reed, then a non-tenured teacher in the Manchester school, transmitted a letter to her fellow teachers critical in tone of events that had transpired at the then most recent convention of the Missouri State Teachers Association. During that same school year, Ms. Reed placed a "congratulatory sign" on the school bulletin board noting that a fellow teacher who had been demoted the preceding year was being transferred to a "better position." Shortly after the occurrence of these events, Ms. Reed was charged by her principal with insubordination. She immediately sought review of the principal's action through pursuit of the grievance procedures available in her district. After an informal hearing which in effect upheld the determination of her principal, Ms. Reed was notified by the Board of Education that she would not be re-employed for the 1970–71 school year.

Count I of the complaint charges a violation of Ms. Reed's First Amendment rights as the proximate consequence of the Board's decision not to re-employ her for the 1970–71 school year. Count II charges that Ms. Reed was deprived of her alleged right under the Fourteenth Amendment to a meaningful opportunity to be heard by the Board regarding the finding of insubordination and regarding the Board's decision not to re-employ her for the ensuing school year. In her prayer for relief, Ms. Reed seeks reinstatement to her former teaching position, with back pay to the date of reinstatement. Damages are plead and sought as an alternative form of relief. Federal jurisdiction is invoked under 28 U.S.C.A. § 1343(3) and (4).

The defendants responded by filing a pre-answer motion to dismiss the suit on the ground, among others, that the complaint failed to state a claim upon which relief can be granted. That motion was sustained, 333 F.Supp. 816, and this appeal follows.

The basic principles governing adjudication of motions to dismiss directed solely to the face of a complaint are familiar. As this court very recently explained in Lewis v. Chrysler Motors Corporation, 456 F.2d 605 (1972),

"Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957), is the watershed of dismissal-on-the-pleadings decisions. It was there held that '[i]n appraising the sufficiency of the complaint . . . the accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' "

To illustrate this court's traditional approach to the problem, Professor Wright's succinct interpretation of the Conley v. Gibson doctrine was quoted with approval

"[t]his rule, which has been stated literally hundreds of times, precludes final dismissal for insufficiency of the complaint except in the extraordinary case where the pleader makes allegations that show on the face of the complaint some insuperable bar to relief."

C. Wright, Law of Federal Courts, § 68, at 286 (2nd Ed.1970). The question for our determination in this case is whether this rule has been correctly applied. We conclude that it was not and reverse.

In dismissing the complaint, the District Court held (1) that Ms. Reed's conduct "is logically and properly regarded as insubordination" and that it therefore did not warrant constitutional protection and (2) that she was not deprived of procedural due process of law. In so holding, the District Court observed that there was no genuine issue as to any material fact relating to either claim. These conclusions were reached on the basis of a skimpy record consisting, sofar as we can determine, of the complaint, the defense motion to dismiss, and supporting briefs. Not a shred of evidence was adduced or considered with regard to the position of any of the parties.

Although we intimate no view as to whether Ms. Reed should ultimately prevail on the merits, we believe it obvious that the allegations of her complaint fall well within what is required under Conley v. Gibson to withstand an attack levied by a motion directed solely to its sufficiency as a statement of a claim for relief. There is nothing contained in these allegations from which the District Court could properly infer that Ms. Reed was barred from obtaining the relief she seeks. The underlying basis running throughout Lewis, supra, and the many cases there cited is that the system of modern Federal procedure embodied in Fed.Rules Civ.Proc. rule 8, 28 U.S.C.A. requires only that a litigant construct a complaint which truly and accurately reflects the basis upon which he believes he should recover and one which gives fair notice to the party against whom relief is sought. The point of principal importance is that lawsuits no longer are to be routinely disposed of solely on the basis of the phraseology a plaintiff selects in framing his complaint. Instead, discovery, pretrial and summary judgment procedures are the vehicles employed today to achieve prompt disposition of meritless claims.[1] Similarly, if the District Court's order was intended, through its reference to the absence of any genuine issue of material fact, to operate as the entry of summary judgment pursuant to Fed.Rules Civ.Proc. rule 56, 28 U.S.C.A., that course was pursued on the basis of a record far too sparse to support such a disposition for only the complaint and the motion to dismiss were considered.[2] On the basis of our view that the allegations of the complaint were sufficient to state a claim averring a denial of rights protected by the First Amendment,[3] we reverse the judgment of the District Court and remand the case with directions to reinstate the complaint and for further proceedings not inconsistent with this opinion.

Reversed.

1. See United States v. Employing Plasterers Association of Chicago, 347 U.S. 186, 189, 74 S.Ct. 452, 98 L.Ed. 618 (1954).

2. Compare Carter v. Stanton, 405 U.S. 669, 92 S.Ct. 1232, 31 L.Ed.2d 569 (1972). Here, as in Carter, the order of the District Court is unilluminating as to either the totality of the underlying relevant facts or the law bearing on the merits of Ms. Reed's substantive Count I claim. In this type of case, so much depends upon the state of mind of the individual defendants that it would seem imperative for a District Court to require, at a minimum, some direct defense testimony by way of deposition or affidavit before disposing of the claim on its merits.

3. In disposing of the procedural due process claim, the District Court placed strong reliance on the case, Freeman v. Gould Special School District of Lincoln County, Arkansas, 405 F.2d 1153 (CA8 1969), certiorari denied 396 U.S. 843, 90 S.Ct. 61, 24 L.Ed.2d 93. Freeman remains binding precedent but its future may be uncertain. See Sindermann v. Perry, 430 F.2d 939 (CA5 1970), certiorari granted 403 U.S. 917, 91 S.Ct. 2226, 29 L.Ed.2d 694, and Roth v. The Board of Regents of State Colleges, 446 F.2d 806 (CA7 1971), certiorari granted 404 U.S. 909, 92 S.Ct. 227, 30 L.Ed.2d 181. The District Court may deem it prudent to await final disposition of these cases in the Supreme Court before reaching the merits of the claim stated in Count II of the complaint.