MILK DRIVERS, DAIRY AND ICE CREAM EMPLOYEES, LAUNDRY AND DRY CLEANING DRIVERS, CLERICAL AND ALLIED WORKERS, LOCAL UNION NO. 387 a/w International Brotherhood of Teamsters, AFL–CIO, Plaintiff,

v.

ROBERTS DAIRY, Defendant.

No. 4:03–CV–40385.

United States District Court,
S.D. Iowa,
Central Division.

Nov. 26, 2003.

Scott D. Soldon, Previant Goldberg Uelmen, Gratz Miller & Brueggemann SC, Milwaukee, WI, Paige E. Fiedler, Fiedler & Townsend PLC, Johnston, IA, for plaintiff.

Sharon K. Malheiro, Davis Brown Koehn Shors & Roberts PC, Des Moines, IA, Stephen M. Darden, Hunter Smith & Davis LLP, Johnson City, TN, for defendant.

## ORDER ON DEFENDANT'S MOTION TO DISMISS

GRITZNER, District Judge.

This matter now comes before the Court on Defendant's Motion to Dismiss (Clerk's No. 3). The Court finds a hearing is not necessary and considers the motion fully submitted. Attorneys for the Plaintiff are Paige Fiedler, Scott Soldon, and Yingtao Ho; attorneys for the Defendant are Sharon Malheiro and Stephen Darden. For the following reasons, the Defendant's Motion to Dismiss is **granted** in part and **denied** in part.

### PROCEDURAL HISTORY

The Plaintiff, Milk Drivers, Dairy and Ice Cream Employees, Laundry and Dry Cleaning Drivers, Clerical and Allied

Workers, Local Union No. 387 a/w International Brotherhood of Teamsters, AFL–CIO ("Local 387" or "the Union"), filed a Complaint against the Defendant, Roberts Dairy Company ("Roberts Dairy" or "the Company"), on July 11, 2003. On August 8, 2003, Roberts Dairy filed a motion to dismiss the complaint. Because the Court had not received a response to this motion, it filed an order extending the time Local 387 had to respond. The order granted Local 387 until September 15, 2003, to file a resistance to the motion to dismiss. About the same time this order was filed, Local 387 filed a motion for default judgment. This motion was subsequently withdrawn by Local 387. Local 387 then filed a resistance to Defendant's motion to dismiss.

On September 12, 2003, shortly after filing its resistance to Defendant's motion to dismiss and the motion to withdraw its motion for default judgment, Local 387 filed a motion for summary judgment. Roberts Dairy responded to this motion by filing a motion to strike Plaintiff's motion for summary judgment on September 18, 2003.[1] Local 387 has since filed an amended motion for summary judgment.

### BACKGROUND FACTS

Local 387 is a labor organization within the meaning of 29 U.S.C. § 152(5). Its principal offices are located in Des Moines, Iowa. Local 387 represents route salesmen employed by Roberts Dairy and other employers. This representation is for the purposes of collective bargaining.

Roberts Dairy has a place of business in Des Moines, Iowa. It is an employer in an industry affecting commerce as that term is defined by the Labor Management Relations Act, 29 U.S.C. § 141 et seq.

Local 387 and employers in the dairy industry entered into a collective bargaining agreement entitled Master Dairy Agreement ("the Agreement" or "CBA"). Roberts Dairy is a party to the Agreement. The Agreement sets out the manner of resolving grievances between signatory employers, i.e., Roberts Dairy, and the Union. The Agreement provides that grievances may ultimately be resolved by the Iowa State Joint Market Dairy Grievance Committee ("the Committee"). The Agreement further provides that the decisions made by the Committee are final and binding.

Kent Stuart ("Stuart") was a bargaining unit wholesale route salesman with Roberts Dairy. On February 10, 2003, the Company issued a three-day suspension to Stuart. Darryl David ("David") was a bargaining unit route salesman with Roberts Dairy. On February 27, 2003, the Company discharged David.

These events became the subject of grievances heard by the Committee. On March 24, 2003, the Committee heard the grievances of both Stuart and David. Following a hearing on the available evidence, the Committee issued decisions upholding the grievances of both Stuart and David. Roberts Dairy received notice of the Committee's decisions concerning Stuart and David on March 25, 2003.

According to Local 387, as of the filing of the Complaint, Roberts Dairy has neither complied with the arbitration awards nor moved to vacate them. An employer has 90 days to move to vacate an arbitration award. An employer cannot contest the validity of an award unless it has moved to vacate within this time period. The 90–day period in this case expired on June 25, 2003.

Local 387 now seeks an order confirming and/or enforcing the arbitration award. Roberts Diary has not yet answered the

---

**1.** The Defendant's motion to strike has been denied by separate order.

complaint as it is awaiting resolution of this motion to dismiss.[2]

## ANALYSIS

Pending before the Court is Defendant's motion to dismiss. Roberts Dairy seeks dismissal of the Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The complaint brought by Local 387 seeks confirmation of two arbitration awards. Roberts Dairy contends Local 387 has failed to state a claim upon which relief may be granted because confirmation under the Federal Arbitration Act ("FAA") is unavailable here. Meanwhile, Local 387 maintains the arbitration awards at issue here are subject to judicial confirmation and enforcement under the FAA and the Labor Management Relations Act ("LMRA").

### A. Standard for Motion to Dismiss

Rule 12(b)(6) allows the court to dismiss a cause of action for failure to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). Motions under this rule "can serve a useful purpose in disposing of legal issues with a minimum of time and expense to the interested parties." *Hiland Dairy, Inc. v. Kroger Co.*, 402 F.2d 968, 973 (8th Cir.1968), *cert. denied*, 395 U.S. 961, 89 S.Ct. 2096, 23 L.Ed.2d 748 (1969). "The issue is not whether a plaintiff will ultimately prevail, but rather whether the plaintiff is entitled to offer evidence in support of the plaintiff's claims." *DeWit v. Firstar Corp.*, 879 F.Supp. 947, 959 (N.D.Iowa 1995) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), and *United States v. Aceto Agric. Chem. Corp.*, 872 F.2d 1373, 1376 (8th Cir.1989)). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any

set of facts in support of his claim that would entitle him to relief." *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir.2002).

In considering a motion to dismiss, the court must accept as true all of the plaintiff's allegations. *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); *Concerned Citizens of Neb. v. United States Nuclear Reg. Comm'n*, 970 F.2d 421, 425 (8th Cir.1992). The court must also liberally construe those allegations. *DeWit*, 879 F.Supp. at 959 (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "[A] court should grant the motion and dismiss the action 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Handeen v. Lemaire*, 112 F.3d 1339, 1347 (8th Cir.1997) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)).

A court should review only the pleadings in addressing a motion to dismiss to determine whether they state a claim upon which relief can be granted. *See* Fed. R.Civ.P. 12(b)(6); *DeWit*, 879 F.Supp. at 959–60. There are a few narrow exceptions that allow a court to also take into account public records, documents central to the plaintiff's complaint, or documents sufficiently referred to in the complaint. *See In re Eng'g Animation Sec. Litig.*, 110 F.Supp.2d 1183, 1189 (S.D.Iowa 2000) (finding a court may take into account "all portions of documents relied upon in plaintiff's complaints and of undisputed authenticity even though they are not physically attached to the pleadings" when considering a motion to dismiss) (citations omitted); *Greenier v. Pace, Local No. 1188*, 201 F.Supp.2d 172, 177 (D.Me.2002) (finding narrow exception that allows a court to

---

**2.** No responsive pleading is necessary or required until ten days following the disposition of a Rule 12(b) motion. *See* Fed.R.Civ.P. 12(a)(4)(A).

take into account documents whose authenticity is undisputed, public records, documents central to the plaintiff's complaint, and documents sufficiently referred to in the complaint). Using these articulated standards, the Court now considers the contentions made in the Defendant's motion to dismiss. The Court also considers the parties' Agreement as this document is central to both the Plaintiff's complaint and the Defendant's Rule 12(b)(6) motion.[3]

## B. Bases for Relief Pleaded in Complaint

The central issue is whether the Plaintiff stated two separate bases for relief in its complaint. The pertinent paragraph, Paragraph 1 of the complaint, states in its entirety:

> This is an application for an order confirming an arbitration award made pursuant to the United States Arbitration Act, 9 U.S.C. § 1 et. seq. This court has jurisdiction over the subject matter of this action without regard to the amount in controversy by virtue of 9 U.S.C. § 9, 29 U.S.C. § 185 and . 28 U.S.C. § 1337.

Plaintiff contends this paragraph properly pleaded 9 U.S.C. § 9 and 29 U.S.C. § 185 as bases for relief. Roberts Dairy argues Plaintiff did not plead 29 U.S.C. § 185 as a basis for relief, but only as a basis for jurisdiction, thereby failing to give "notice" that a substantive claim is made under 29 U.S.C. § 185 as well.

### 1. Claim Under the FAA, 9 U.S.C. § 9

■ Defendant further argues that dismissal is appropriate as the Plaintiff does not have a cause of action for confirmation of an arbitration award under the FAA, 9 U.S.C. § 9. Roberts Dairy contends that confirmation of an arbitration award is available only when the parties agree to allow judicial confirmation. Roberts Dairy states that no such agreement was made and attaches a copy of the parties' CBA as proof that no such agreement is contained therein.

■ "It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 374, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). "The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." *Id.* "Thus, '[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears.'" *Wisconsin Comm'r of Ins. v. California Reinsurance Mgmt. Corp.,* 819 F.Supp. 797, 799 (E.D.Wis.1993) (quoting *General Atomic Co. v. United Nuclear Corp.,* 655 F.2d 968, 968–69 (9th Cir.1981) (citations omitted)). Through the FAA, Congress limited the scope of review of arbitration awards by federal courts. *See Local 2414 of United Mine Workers of America v. Consolidation Coal Co.,* 682 F.Supp. 399, 400 (S.D.Ill.1988) (stating Congress attempted to limit the scope of review of federal court of arbitration awards by significantly limiting the grounds such awards can be set aside or corrected) (citing 9 U.S.C. §§ 10, 11). "Thus, it is apparent that Congress did not intend for district courts to make unwarranted judicial intrusions into the arbitration process." *Id.*

■ The FAA provides that a party may apply for judicial confirmation of an arbitration award "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration." 9 U.S.C. § 9. This language is exclusionary

---

**3.** The Agreement and its Addendum were attached to the Defendant's motion to dismiss. Both parties rely on this document in presenting their arguments.

such that a party may apply for confirmation *only* if the parties have made that agreement. *See PVI, Inc. v. Ratiopharm GmbH*, 135 F.3d 1252, 1253 (8th Cir.1998) ("That is because the FAA provides that a party to an arbitration may apply to the court for confirmation of an arbitration award only '[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration.'") (quoting 9 U.S.C. § 9); *Home Ins. Co. v. RHA/Pennsylvania Nursing Homes, Inc.*, 127 F.Supp.2d 482, 484 (S.D.N.Y.2001) ("a federal court may not confirm an arbitration award *unless* the parties 'in their agreement have agreed that a judgment of the court shall be entered upon the award . . . .'") (emphasis added) (citing *Varley v. Tarrytown*, 477 F.2d 208 (2d Cir.1973) (quoting 9 U.S.C. § 9)).

■ In the Eighth Circuit, parties must have an *express affirmative agreement* providing for judicial confirmation of an award for a federal court to have authority under section 9 of the FAA to enter judgment on the award. *See PVI, Inc.*, 135 F.3d at 1253–54. The mere statement that arbitration is final and binding is insufficient to make the award enforceable under the FAA. *Id.* at 1254. While this seems to be the minority view,[4] this is the law of the Eighth Circuit and is the rule this Court follows. Other courts have found any language indicating an arbitration award is final and binding is sufficient to authorize the court to enter judgment on the award under 9 U.S.C. § 9. *See, e.g., Daihatsu Motor Co. v. Terrain Vehicles, Inc.*, 13 F.3d 196, 202–03 (7th Cir.1993) (finding

agreement required by the FAA does not need to be explicit, but that language indicating arbitration would be final and binding satisfies the statutory requirement); *Booth*, 902 F.2d at 930 (same); *Milwaukee Typographical Union No. 23 v. Newspapers, Inc.*, 639 F.2d 386, 389–90 (7th Cir. 1981) (same); *T & R Enters. v. Continental Grain Co.*, 613 F.2d 1272, 1278–79 (5th Cir.1980) (same); *In re I/S Stavborg v. Nat'l Metal Converters, Inc.*, 500 F.2d 424, 426–27 (2d Cir.1974) (same). *But see Oklahoma City Assocs. v. Wal–Mart Stores, Inc.*, 923 F.2d 791, 794 (10th Cir. 1991) (commenting on the phrase "final and binding" with the seemingly express agreement required by section 9); *Higgins v. United States Postal Serv.*, 655 F.Supp. 739, 744 (D.Me.1987) (refusing to find "final and binding" language was sufficient for purposes of section 9).

In *PVI, Inc. v. Ratiopharm GmbH*, the court agreed with the principle that if an award is "binding" it is enforceable in court. *PVI, Inc.*, 135 F.3d at 1254. This does not mean, however, that the award is enforceable under the FAA merely because it includes the phrase "final and binding". *Id.* The Eighth Circuit has held that "[i]t is clear . . . that Congress intended for the substantive provisions of the FAA to apply only when the parties affirmatively agreed that they should." *Id.* Accordingly, an affirmative agreement is required in the Eighth Circuit for a court to have authority under the FAA. *See id.*

Based on the foregoing discussion, for Local 387 to be able to apply for confirmation of the arbitration awards at issue un-

4. *See PVI, Inc.*, 135 F.3d at 1254 ("We recognize that several cases in other circuits have found the requisite agreement to have judgment entered in boilerplate similar to that contained in this agreement, namely, a recitation that '[t]he determination of such expert [or arbitrator] shall be final, binding and conclusive.'"); *Booth v. Hume Publ'g, Inc.*, 902 F.2d 925, 930 (11th Cir.1990) ("Most courts that have dealt with this issue have held that an explicit agreement between the parties providing for judicial confirmation of an award is not an absolute prerequisite to section 9 authority to enter judgment on the award.").

der the FAA, the Agreement between the parties would have to expressly and affirmatively provide for judicial confirmation. Language indicating the arbitration is final and binding will not be sufficient on its own to authorize this Court to confirm the arbitration award under section 9.

The parties' Agreement provides for the grievance procedure the parties would follow. This process culminates in arbitration before the Committee if the grievance is unresolved through the earlier steps in the process. Neither the Master Dairy Agreement nor the Addendum thereto contain any reference of an agreement that a judgment of the court shall be entered upon an award made pursuant to arbitration. They do, however, seem to indicate the arbitration would be considered final and binding. This language, however, is not enough for the Court to have authority to confirm the arbitration award pursuant to section 9 of the FAA. As a result, the Defendant is correct in the assertion that "confirmation under the FAA is unavailable in these circumstances." *Id.* at 1253.

Defendant argues that because confirmation under section 9 of the FAA is unavailable here, the Plaintiff's complaint should be dismissed for failure to state a cause of action pursuant to Rule 12(b)(6). While the Court reaches the same conclusion with regard to section 9 of the FAA, that only partially disposes of the matter.

### 2. Claim Under the LMRA, 29 U.S.C. § 185

■ Collective bargaining agreements come under federal jurisdiction under section 301 of the LMRA. *Textile Workers v. Lincoln Mills*, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957). Federal courts have the power to specifically enforce collective bargaining agreements and any awards made through arbitration proceedings that are conducted pursuant to collective bar-

gaining agreements. *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); *see also United Mine Workers of America v. Peggs Run Coal Co.*, 343 F.Supp. 68, 69 (W.D.Pa. 1972).

■ When an employer has participated fully in the arbitration process, it "can hardly avow that an award will be 'final, conclusive and binding' upon it without implicitly agreeing that federal court intervention may be sought to compel compliance." *Kallen v. Dist. 1199, Nat'l Union of Hosp. & Health Care Employees, RWDSU, AFL–CIO*, 574 F.2d 723, 726 (2d Cir.1978). Therefore, a federal court has jurisdiction under the LMRA to enforce or confirm an arbitration award that is final and binding under the collective bargaining agreement. *General Drivers, Warehousemen & Helpers, Local Union No. 89 v. Riss & Co.*, 372 U.S. 517, 519, 83 S.Ct. 789, 9 L.Ed.2d 918 (1963) (citing *Textile Workers v. Lincoln Mills*, 353 U.S. 448, 456, n. 6, 77 S.Ct. 912 (1957)); *Int'l Bhd. Of Teamsters, Chauffeurs, Warehousemen, & Helpers of America v. Kansas City Piggy Back*, 88 F.3d 659, 660 (8th Cir.1996).

■ While "[t]here is no question as to [federal courts'] jurisdiction under Section 301(a) to enforce arbitration awards under a collective bargaining agreement, or that a substantive right exists on the part of a party of a collective bargaining agreement to enforce the arbitration award," *Communications Workers of America v. Western Elec. Co.*, 397 F.Supp. 1318, 1321 (N.D.Ga.1975), ordinarily only the winning party in an arbitration proceeding may seek court enforcement of the arbitration award under the LMRA. *Santos v. Dist. Council of N.Y.C. & Vicinity of United Bhd. Of Carpenters & Joiners of America, AFL–CIO*, 619 F.2d 963, 967 (2d Cir.1980). In addition, when a collective

bargaining agreement contains provisions detailing grievance and arbitration proceedings, the agreed upon procedures "'must be exhausted prior to litigation.'" *Teamsters Freight Local Union No. 480 v. Southern Forwarding Co.,* 424 F.Supp. 11, 14 (M.D.Tenn.1976) (quoting 18E Business Organizations, Kheel, Labor Law § 26.03(2) at 26–33 (1974)); *see also Republic Steel Corp. v. Maddox,* 379 U.S. 650, 652–53, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965) (finding that the "general rule in cases to which federal law applies, federal labor policy requires that individual employees wishing to assert contract grievances must attempt use of the contract grievance procedure agreed upon by employer and union as the mode of redress [and] ... [a] contrary rule which would permit an individual employee to completely sidestep available grievance procedures in favor of a lawsuit has little to commend it.").

Local 387 and Roberts Dairy were parties to a collective bargaining agreement, referred to herein as the Agreement. This Agreement set up grievance procedures that include arbitration. The Agreement further states that a decision by an arbitrator "shall be final and binding on the Local Union, its affected members and the Employer ...." David and Stuart brought grievances and followed the procedures listed in the Agreement. They were represented in their grievances by the Union. Their grievances proceeded to arbitration where the Committee heard from both sides. Local 387 was the victor in both the Stuart and David arbitration proceedings. The Union contends the Company has not complied with the arbitration awards and brought this lawsuit seeking confirmation and enforcement of the awards.

Based on the foregoing discussion, it is obvious that federal jurisdiction would lie to enforce the arbitration awards at issue here. The remaining issue is whether Plaintiff's pleadings assert a claim under the LMRA, 29 U.S.C. § 185.

### 3. Notice Pleading

As set out above, the Supreme Court has proclaimed that

> [i]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Conley,* 355 U.S. at 45–46, 78 S.Ct. 99; *see also Hishon,* 467 U.S. at 73, 104 S.Ct. 2229 ("A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."). In fact, "[d]ismissals not going to the merits based on mere technical defects and ambiguities in pleadings are viewed with disfavor in the federal courts." *David v. Sinclair Ref. Co.,* 25 F.R.D. 190, 191 (S.D.N.Y.1960) (citations omitted).

"The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (citing *Conley,* 355 U.S. at 48, 78 S.Ct. 99). Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing the pleader is entitled to relief." Fed.R.Civ.P. 8(a). This "simplified pleading standard" is applicable to nearly all civil actions. *Swierkiewicz,* 534 U.S. at 513, 122 S.Ct. 992 (noting some limited exceptions exist such as Rule 9(b)'s particularity requirement in averments of fraud or mistake). As the Supreme Court stated,

> the Federal Rules of Civil Procedure do not require a claimant to set out in

detail the facts upon which he bases his claim. To the contrary, all the Rules require is a 'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Conley,* 355 U.S. at 47, 78 S.Ct. 99 (citing Fed.R.Civ.P. 8(a)(2)); *see also Swierkiewicz,* 534 U.S. at 512, 122 S.Ct. 992 (quoting *Conley* and reiterating that Rule 8(a) is a simplified notice standard that merely requires the defendant be given notice of the plaintiff's claims and its basis); *Leatherman v. Tarrant Co. Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) (citing *Conley* and holding a federal court cannot apply a heightened pleading standard because Rule 8 requires only a "short and plain statement"); *Smith v. St. Bernards Reg'l Med. Ctr.,* 19 F.3d 1254, 1255 (8th Cir.1994) (citing *Conley* and finding Rule 8(a) "requires only a 'short and plaint statement of the claim' that gives fair notice of the plaintiff's claim and grounds for relief.").

The Supreme Court recently revisited the notice pleading standard of Rule 8(a). *See Swierkiewicz,* 534 U.S. at 511–14, 122 S.Ct. 992. The Supreme Court emphasized that Rule 8(a) supplies very simple requirements for complaints. *Id.* at 513, 122 S.Ct. 992. All that the Rule 8 "simplified pleading standard" requires is a short plain statement that apprises the defendant of the plaintiff's claims. *Id.* Thus, "a short statement which merely gives notice of the nature of the claim is a sufficient compliance with the rule." *Mills v. United Ass'n of Journeymen & Apprentices of the Plumbing & Pipe Fitting Industry of the U.S. & Canada,* 8 F.R.D. 300, 301 (W.D.Mo.1948). This liberal notice pleading standard is possible because of pretrial procedures, including discovery, that are designed "to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues." *Conley,* 355 U.S. at 47–48, 78 S.Ct. 99; *see also Swierkiewicz,* 534 U.S. at 512, 122 S.Ct. 992.

The label of the action stated in the complaint is not controlling. *Tyree v. Smith,* 289 F.Supp. 174, 176 (E.D.Tenn. 1968) (citing Rules 2, 3, and 8(a)). Moreover, "[i]t is clear ... that under the modern Federal practice of notice pleading the precise theory upon which the claim for relief was based need not appear in the complaint. It is sufficient if any claim for relief is stated." *United States v. Van Raalte Co.,* 328 F.Supp. 827, 829 (S.D.N.Y. 1971). Indeed, "[t]he theory of the complaint is to be determined by its main and material allegations." *United States v. White County Bridge Comm'n,* 275 F.2d 529, 535 (7th Cir.1960).

A court should look at the allegations read as a whole in determining the sufficiency of the pleadings. *See David,* 25 F.R.D. at 192 ("A complaint must be considered in its entirety and not by separating and considering separately isolated words or paragraphs."); *Robinson v. Lull,* 145 F.Supp. 134, 138 (N.D.Ill.1956) (finding that even though the complaint was not simple, concise or direct, "the allegations read as a whole are sufficient, and plaintiff should have his day in court."). In addition, "a legally sufficient claim can be developed from a set of facts which give rise to one or more legal rights." *Bush v. Masiello,* 55 F.R.D. 72, 77 (S.D.N.Y.1972) (citing *Schwartz v. Eaton,* 264 F.2d 195, 196 (2d Cir.1959)). Moreover, the allegations should be construed with all liberality. *DeWit,* 879 F.Supp. at 959 (citing *Conley,* 355 U.S. at 45–46, 78 S.Ct. 99).

While a plaintiff does not need to state each element of a claim precisely, the complaint does need to " 'set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable

legal theory.'" *Davis v. Olin*, 886 F.Supp. 804, 808 (D.Kan.1995) (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir.1988)). In the past, the plaintiff was required to "set forth the prima facie elements of the claim in such a manner as to fairly apprise the adverse party of action against him." *Local 1852 Waterfront Guard Ass'n of Port of Baltimore v. Amstar Corp.*, 363 F.Supp. 1026, 1030 (D.Md. 1973) (citations omitted). However, the Supreme Court has since found that "under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case ...." *Swierkiewicz*, 534 U.S. at 511, 122 S.Ct. 992.

At the most, all that is needed under Rule 8(a) is "minimal factual allegations on those material elements that must be proved to recover." *Davis*, 886 F.Supp. at 808. The Eighth Circuit has held that the Rule "requires only that a litigant construct a complaint which truly and accurately reflects the basis upon which he believes he should recover and one which gives fair notice to the party against whom relief is sought." *Reed v. Bd. of Educ. of Parkway Sch. Dist.*, 460 F.2d 824, 826 (8th Cir.1972). Moreover, "[l]ong and prolix complaints are condemned by the Eighth Circuit ...." *Mills*, 8 F.R.D. at 301.

The complaint need only set out "with sufficient detail the claim which the plaintiffs assert against the defendant so the latter can responsively plead to it." *Dubler v. Gilbert*, 10 F.R.D. 530, 531 (S.D.N.Y.1950). Therefore, "the Court must review the Complaint guided ... by the broader question of whether the Complaint contains enough information to put Defendant on notice of the nature of Plaintiff's claims." *Greenier*, 201 F.Supp.2d at 177.

■ A suit to enforce an arbitration award is actually a suit seeking specific performance of a contract. *Local 1852*

*Waterfront Guard*, 363 F.Supp. at 1030 (citing *N.L.R.B. v. Bell Aircraft Corp.*, 206 F.2d 235, 237 (2d Cir.1953)). Thus, factual allegations of the elements of a contract action need to be stated in the complaint. *Id.* (citing *United States v. Employing Plasterers' Ass'n*, 347 U.S. 186, 189, 74 S.Ct. 452, 98 L.Ed. 618 (1954)).

There are some factors courts look at in determining whether the pleading requirements of Rule 8 have been met. A complaint should at least set forth a claim and give fair notice of its basis. *See Conley*, 355 U.S. at 48, 78 S.Ct. 99. This statement does not need to be factually detailed. *See Davis*, 886 F.Supp. at 808. However, a complaint cannot be "too general" or it will not provide the requisite notice to the defendant. *Id.* (citing *Boston & Maine Corp. v. Town of Hampton*, 987 F.2d 855, 865 (1st Cir.1993)). "Similarly, 'allegations of conclusions or opinions are not sufficient when no facts are alleged by way of the statement of the claim.'" *Id.* (quoting *Bryan v. Stillwater Bd. of Realtors*, 578 F.2d 1319, 1321 (10th Cir. 1977)). The Court notes that even these requirements seem to have been loosened in light of the Supreme Court decision in *Swierkiewicz*, which requires courts to treat complaints more liberally than has been the practice by some courts. *See, e.g., Greenier*, 201 F.Supp.2d at 176 ("The approach that the Supreme Court set forth in *Swierkiewicz* requires the Court to treat complaints more liberally than recently has been the practice").

"The Federal Rules reject the approach that pleading is a game of skill in which one misstep by either counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley*, 355 U.S. at 48, 78 S.Ct. 99. In fact, "Rule 8(a) relieves a plaintiff from pleading technicalities and from alleging

detailed facts that establish her right to judgment." *Davis,* 886 F.Supp. at 808 (citing *Trevino v. Union Pacific R. Co.,* 916 F.2d 1230, 1234 (7th Cir.1990)). The Eighth Circuit has stated that a "point of principal importance is that lawsuits no longer are to be routinely disposed of solely on the basis of the phraseology a plaintiff selects in framing his complaint." *Reed,* 460 F.2d at 826. In addition, Rule 8(f) provides a simple guide, *Conley,* 355 U.S. at 48, 78 S.Ct. 99, that "all pleadings shall be construed so as to do substantial justice." Fed.R.Civ.P. 8(f).

 The complaint is entitled "Complaint to Confirm Arbitration Award" and states the following:

> "This is an application for an order confirming an arbitration award made pursuant to the United States Arbitration Act, 9 U.S.C. § 1 et. seq. This court has jurisdiction over the subject matter of this action without regard to the amount in controversy by virtue of 9 U.S.C. § 9, 29 U.S.C. § 185 and 28 U.S.C. § 1337."

The complaint goes on to state "Local 387 is a labor organization within the meaning of 29 U.S.C. § 152(5)" and that Roberts Dairy "is an employer in an industry affecting commerce as that term is defined by the Labor Management Relations Act, 29 U.S.C. § 141 et seq." The complaint further asserts that "[v]enue is properly laid in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) and 29 U.S.C. § 185(c)." The constant referrals to provisions of the LMRA are some evidence that Local 387 is relying on the provisions of this Act in bringing its complaint against Roberts Dairy.

The complaint also refers to the Agreement between the parties, which is the result of the collective bargaining process. The grievance process that resulted in the

arbitration awards at issue in this case is contained in the Agreement. After setting forth the facts surrounding the grievances and the resultant arbitration awards, the complaint states that "the Company has neither complied [with] the arbitration awards nor moved to vacate them," and "[t]he Company does not have good cause for not complying with the decisions of the Committee." These facts give notice to the opposing party that the collective bargaining agreement is important to the controversy between the parties and that breach of the CBA gives rise to the action.

Local 387 requests the Court issue an order "[d]irecting the Company to comply immediately with the decisions rendered by the Committee in the Stuart and David grievance matters." This requested action is more along the lines of a request for *enforcement* of the arbitration awards than the mere *confirmation* of those awards. In fact, the Union later demands the Court order the Company to reinstate David and pay both David and Stuart the backpay and benefits owed.[5]

Defendant contends the Union did not plead 29 U.S.C. § 185 as a basis for relief. Rather, they argue the sole claim pleaded is for confirmation of the arbitration awards made pursuant to 9 U.S.C. § 9. According to the Defendant's argument, citing 29 U.S.C. § 185 purely as a basis for jurisdiction and venue "is hardly 'notice' that a substantive claim is made thereto as well ... [as][t]he whole purpose of 'notice' pleading is to eliminate the sort of clairvoyance Plaintiffs are now demanding of this defendant." The Plaintiff, on the other hand, argues it has stated two separate bases for relief, 9 U.S.C. § 9 *and* 29 U.S.C. § 185, and that it did so in the first paragraph of its complaint.

---

**5.** This is the requested action in Plaintiff's amended motion for summary judgment.

The Court need not determine whether the Plaintiff has pleaded a claim under the LMRA based solely on the language of one paragraph. The Court can consider the whole of the allegations made in the complaint and is required to liberally construe those allegations and to construe them in such a way as to do substantial justice. The Court also recognizes the liberal and simple standard required by the Rule 8(a) notice pleading standard. The key issue is whether the complaint as pleaded affords fair notice to the Defendant of the Plaintiff's claims and the grounds for relief. In light of the recent Supreme Court decision in *Swierkiewicz,* this is not a heavy burden.

Based on the foregoing, the Court finds the Plaintiff's complaint does state a claim under the LMRA that survives scrutiny under the notice pleading standard. Plaintiff referenced provisions of the LMRA multiple times. The action was based on arbitration arising out of grievance procedures as those were set out in the CBA between the parties. The usual basis for claims related to collective bargaining issues, including enforcement of arbitration awards made pursuant to grievance procedures in a collective bargaining agreement, is one of the several federal labor laws, including the LMRA. Of central importance, Plaintiff's complaint seeks enforcement of the awards as evidenced by its request that the Court order "the Company to comply immediately" with the arbitration decisions. This request goes beyond the mere confirmation allowed by the FAA, 9 U.S.C. § 9. The complaint adequately sets forth allegations that put the Defendant on notice that a claim is being pursued to enforce the arbitration awards pursuant to the LMRA, notwithstanding the title of the complaint as seeking confirmation of the arbitration awards or any ambiguous language in paragraph 1 of the complaint related to the basis of the claims being brought.

"If a complaint is ambiguous or does not contain sufficient information to provide the necessary notice to allow a responsive pleading to be framed, a party may move for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure." *Frito–Lay, Inc. v. WAPCO Constructors, Inc.,* 520 F.Supp. 186, 189 (M.D.La.1981); *see also Swierkiewicz,* 534 U.S. at 514, 122 S.Ct. 992. However, the Court finds the allegations in the complaint here are sufficient to provide the Defendant with notice of the Plaintiff's claim under the LMRA, 29 U.S.C. § 185.

## CONCLUSION

Based on the foregoing discussion, the Court finds the Plaintiff's Complaint does state two separate bases for relief, 9 U.S.C. § 9 and 29 U.S.C. § 185. The Complaint does state a claim under the LMRA that survives scrutiny under the easily attained notice pleading standard of Rule 8(a). The Court does find, however, that a claim made pursuant to 9 U.S.C. § 9 may not be sustained by the Plaintiff in this case.

Therefore, Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) (Clerk's No. 3) is **granted** to the extent that it relates to any claim to confirm the arbitration awards brought pursuant to 9 U.S.C. § 9. The Motion to Dismiss is **denied** as to its claim to enforce the arbitration awards pursuant to 29 U.S.C. § 185.

**IT IS SO ORDERED.**